JOHN DOHERTY, individually and as president of BOSTON TEACHERS UNION, LOCAL 66, AMERICAN FEDERATION OF TEACHERS, AFL-CIO, & others *vs.* SCHOOL COMMITTEE OF BOSTON & another.[1] June 6, 1973. The plaintiffs appeal from a Superior Court decree affirming in part an arbitration award. The plaintiff Malcolm Flynn, a teacher at Boston Latin School, had been its golf coach from 1967 through 1970. He lodged a grievance claiming that the headmaster refused to recommend him for reappointment as golf coach for the 1971 season because of certain of his union activities and that this constituted discrimination against him in violation of an agreement between the defendant school committee and the plaintiff union. Resort to grievance procedures failed to resolve the dispute and the union submitted it to arbitration. The arbitrator found that the contract had been violated and ordered that Flynn be reinstated to the position of golf coach and made whole for all monies lost as a result of the violation, and that the school committee should pay the fee of union counsel. The decree affirmed the award solely as to the compensation Flynn was to receive as salary for his coaching position for the 1971 season. There was no error. Judicial review of an arbitrator's award is limited to whether the arbitrator has acted within the scope of the reference. *Morceau* v. *Gould-Natl. Batteries, Inc.* 344 Mass. 120. Given this standard, we hold that in both the award of counsel fees and the order for reinstatement the arbitrator exceeded his authority. Counsel fees are not a proper element of damage, *Chartrand* v. *Riley*, 354 Mass. 242, and there is no provision express or implied, either in the agreement or in any of the relevant statutes, for payment of them. Under St. 1965, c. 208, initiation of the appointment in question lay in the discretion of the superintendent of schools. At least for the year subsequent to the year to which the grievance refers, the arbitrator may not supersede the discretion legislatively vested in the superintendent. See G. L. c. 149, § 178I, and *Chief of Police of Dracut* v. *Dracut*, 357 Mass. 492. The school committee was not barred from objecting to the enforcement of the award by the time limits imposed by G. L. c. 150C, § 11. That statute was not made specifically applicable to municipal agreements until the effective date of St. 1972, c. 375. This date was several months after the award in this case was made by the arbitrator.

*Decree affirmed.*

*John F. McMahon* for the plaintiffs.
*Edith W. Fine*, Assistant Corporation Counsel, for the defendants.

---

[1] City of Boston.