SCHOOL COMMITTEE OF BOSTON & others[1] *vs.* ROSE DEVER, individually and as president of ADMINISTRATIVE GUILD OF THE BOSTON SCHOOL SYSTEM, LOCAL 398, S.E.I.U., AFL-CIO. October 31, 1979. The plaintiffs

[1] City of Boston and mayor of Boston.

appeal (G. L. c. 150C, § 16) from a Superior Court judgment denying the plaintiff's application to vacate an arbitrator's award and confirming the award. The sole issue before us is whether the arbitrator exceeded his powers in awarding counsel fees to the defendant after finding that the school committee had violated the parties' collective bargaining agreement. The arbitrator characterized the award of counsel fees as an unusual remedy, but appropriate in this case because the legal fees incurred by the defendant were attributable solely to the inaction of the committee and its failure to offer a valid reason for its inaction. We conclude that the arbitrator exceeded his authority in making the award of counsel fees, since, as the court held in *Doherty* v. *School Comm. of Boston*, 363 Mass. 885 (1973), "[c]ounsel fees are not a proper element of damage," citing *Chartrand* v. *Riley*, 354 Mass. 242 (1968). Cf. *Bournewood Hosp., Inc.* v. *Massachusetts Commn. Against Discrimination*, 371 Mass. 303, 311-313 (1976); *Floors, Inc.* v. *B.G. Danis of New England, Inc.*, 7 Mass. App. Ct. 356, 357, further appellate review granted, 378 Mass. 799 (1979). Here, as in *Doherty*, there is no provision, express or implied, for payment of counsel fees either in the agreement which contained the provision for arbitration or in c. 150C, § 9. That statute provides that "[u]nless otherwise provided in the agreement to arbitrate, the arbitrator's expenses and fees, together with other expenses, *except counsel fees*, incurred in the conduct of the arbitration, shall be paid as provided in the award" (emphasis supplied). Other arguments asserted by the defendant have no applicability to the instant case. The judgment is to be modified in accordance with this opinion and, as so modified, is affirmed.

*So ordered.*

The case was submitted on briefs.
*Jay F. Jason*, Assistant Corporation Counsel, for the plaintiffs.
*Kathryn M. Noonan & Gabriel O. Dumont, Jr.*, for the defendant.