THE COUNTY OF CLARK, Appellant, *v.* BLANCHARD CONSTRUCTION COMPANY and EMPIRE ELECTRIC, INC., Respondents.

BLANCHARD CONSTRUCTION COMPANY, Appellant, *v.* EMPIRE ELECTRIC, INC., Respondent.

No. 13549

November 30, 1982                                          653 P.2d 1217

*Robert Miller,* District Attorney, *Victor W. Priebe,* Deputy District Attorney, Clark County, for Appellant.

*Bell, Leavitt & Green* and *Michael J. Grace,* Las Vegas for Appellant-Respondent Blanchard.

*Edwards, Hunt, Pearson & Hale,* Las Vegas, for Respondent Empire.

**OPINION**

*Per Curiam:*

In May of 1977, Blanchard Construction Company entered into a contract with the County of Clark to build a fire station.

Shortly thereafter, Blanchard entered into a subcontract with Empire Electric, Inc., to provide and install electrical equipment. Both contracts contained arbitration provisions.

Sometime during the following September, a dispute arose concerning responsibility for supplying certain fire alarm equipment. Empire claimed that the County was obliged to supply the equipment, and the County claimed that responsibility for the equipment lay with Empire. Blanchard, as general contractor, supplied the equipment and backcharged Empire for it.

The dispute had ensued for nearly a year when Empire filed a complaint against Blanchard in district court. The complaint requested relief in the amount of $4,909.38. Of that amount, $4,025.00 represented the backcharge stemming from the dispute between Empire and Clark County. The remaining $884.38 was an unrelated charge against Blanchard for services rendered by Empire. Blanchard answered the complaint and further sought indemnity by filing a third-party complaint against the County.

In the summer of 1979, approximately one year after the filing of suit, Empire and Blanchard moved the district court to compel arbitration. The court ordered arbitration.[1]

The arbitration panel found that Empire was entitled to the total amount of $4,909.38 and that Blanchard should be indemnified by Clark County for the amount of $4,025.00. Blanchard and Empire petitioned the district court for confirmation of the arbitration award and for the sum of $2,500.00 each in attorney's fees. The district court confirmed the award and ordered that Blanchard and Empire each receive $1,750.00 in attorney's fees. The court also awarded interest on the total amount of $4,909.38.

Clark County appeals from the judgment affirming the arbitration award and ordering payment of attorney's fees. Blanchard appeals that portion of the judgment awarding prejudgment interest on the $884.38 which it owed Empire.

### Waiver of the Right to Arbitrate

Clark County objects to the order confirming the arbitration award on the ground that Blanchard had waived its right to arbitrate the dispute. The County asserts two primary bases for finding waiver. The first is that Blanchard waited approximately nine months following the filing of Empire's complaint before moving for arbitration. The second is that Blanchard

---

[1]The County appealed that order to this court. We held that an order compelling arbitration is non-appealable. Clark County v. Empire Electric, Inc., 96 Nev. 18, 604 P.2d 352 (1980).

waived its right to arbitrate by actively participating in litigation. Blanchard assertedly engaged in active litigation by filing an answer to Empire's complaint, by filing a third-party complaint against Clark County and by responding to interrogatories propounded by Empire.

We begin with recognition of our state's policy strongly favoring arbitration where the parties have previously agreed to that method of dispute resolution. *See* Exber, Inc. v. Sletten Constr. Co., 92 Nev. 721, 558 P.2d 517 (1976); Lane-Tahoe, Inc. v. Kindred Constr. Co., 91 Nev. 385, 536 P.2d 491 (1975). In view of that policy, we believe that waiver should "not be lightly inferred." Carcich v. Rederi A/B Nordie, 389 F.2d 692 (2d Cir. 1968).

Clark County relies on a line of cases holding that answering to the merits of a claim constitutes waiver of the right to arbitrate. We have carefully read these authorities and reject the view that any participation in litigation is inconsistent with arbitration and therefore tantamount to waiver.[2]

The central issue in determining waiver of the right to arbitrate is not whether the moving party's actions have been consistent with arbitration, but rather, whether prejudice would occur to the party opposing arbitration. *See, e.g.,* Carolina Throwing Co. v. S & E Novelty Corp., 442 F.2d 329 (4th Cir. 1971); Carcich v. Rederi A/B Nordie, *supra; see also* Doers v. Golden Gate Bridge, Etc., 588 P.2d 1261 (Cal. 1979). In the immediate case, Clark County was unable to show any prejudice which had resulted from the compelled arbitration. *Cf.* Keating v. Superior Court of Alameda County, 645 P.2d 1192, 1205 (Cal. 1982) (the presence or absence of prejudice is significant). Moreover, Clark County was unable to establish that the delay in seeking arbitration was unreasonable or that Blanchard in any way engaged in wilful misconduct or acted in bad faith. In fact, Blanchard's role was somewhat passive since it was caught in the middle of a dispute between the County and Empire. Under these circumstances, we cannot say that Blanchard waived its right to arbitrate.

### The Award of Attorney's Fees

Clark County next objects to the district court order awarding attorney's fees to Blanchard and Empire.

---

[2] In *Lane-Tahoe, supra,* we stated that answering to the merits of a claim could constitute a waiver. We disapprove any interpretation of that statement, however, that is inconsistent with the views expressed in this opinion.

We agree with the County that NRS 18.010, the general statute governing the award of attorney's fees, may not be applied to justify an award in this situation. The statute appears to contemplate the award of attorney's fees following a "trial or special proceeding."[3] The award of costs and disbursements incurred during arbitration is controlled by the specific provisions of the Uniform Arbitration Act.

There are two applicable provisions in the Uniform Arbitration Act. The first section, NRS 38.125, specifically excludes the award of attorney's fees in the absence of an express agreement to the contrary among the parties.[4]

The second applicable section, NRS 38.165, permits the court to award expenses incurred in seeking an order confirming, modifying or correcting an arbitration award. "Costs of the application and of the proceedings subsequent thereto, and disbursements may be awarded by the court." We interpret this provision to mean that the court is permitted to award attorney's fees only for the effort expended in this case in obtaining an order confirming the arbitration award and not for any efforts expended prior to that time. *See* Stein v. Feldmann, 407 N.E.2d 768 (Ill.App. 1980).

The award of attorney's fees resides within the discretion of the court. Moreover, in the absence of a manifest abuse of discretion, the court's decision on the issue will not be overturned. *Id.* The trial court was peculiarly aware of the efforts expended in seeking confirmation of the arbitration award. Since we cannot say that the award in this particular case represents a manifest abuse of discretion, it will not be disturbed.

### The Award of Prejudgment Interest

Blanchard appeals from that portion of the award which grants prejudgment interest on $884.38, a matter which was solely between Blanchard and Empire. Blanchard contends

---

[3]NRS 18.010(3) states:

18.010   Award of attorney's fees.

. . .

3.   In awarding attorney's fees the court may pronounce its decision on such fees at the conclusion of the trial or special proceeding without written motion and with or without presentation of additional evidence.

. . .

[4]See also School Committee of Boston v. Dever, 395 N.E.2d 900 (Mass.App. 1979). Neither Blanchard nor Empire has cited any evidence in the record before us of contracts containing specific provisions for attorney's fees in the event of an arbitrated dispute.

that since it had tendered a check for $884.38 prior to arbitration, Empire was not entitled to collect interest on that amount.

We disagree since we conclude that Empire did not act unreasonably in refusing the tendered check. The check which Empire refused contained the following notation: "Acceptance of this check pays our account in full on Firestation No. 21 . . . and is not subject to audit thereafter." Blanchard, of course, actually owed Empire an additional $4,025.00, which it was seeking to collect from Clark County in arbitration. For that reason, payment of the $884.38 would not constitute payment in full. Regardless of whether Empire could have accepted the conditional check and reserved its rights to pursue further claims, it surely was under no affirmative duty to do so. Blanchard concedes as much.

We do not think that the doctrine of mitigated damages should prevent Empire from collecting interest on the $884.38. Endorsement of the check might have produced an additional controversy concerning Empire's entitlement to the remaining $4,025.00. The $884.38, by Blanchard's own admission, was not in dispute. Empire did not act unreasonably in refusing the check and thereby protecting its claim to the $4,025.00. Blanchard could have avoided this needless appeal merely by submitting to Empire the $884.38 without a condition. Under circumstances such as these, the wrongdoer should not be allowed to reduce its damages by seeking refuge under the doctrine of mitigation. *See* C. McCormick, Handbook on the Law of Damages, 133-34 (1935).

The judgment of the trial court is affirmed in all respects.