SENTRY SYSTEMS, INC., AKA DIOGENES SYSTEMS, INC., APPELLANT, v. GORDON M. GUY, RESPONDENT.

No. 13611

December 9, 1982 654 P.2d 1008

*McDonald, Carano, Wilson, Bergin, Bible, Frankovich &
Hicks,* and *William A. S. Magrath, II,* Reno, for Appellant.

*Rickdall & Shulman,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Sentry and Guy are parties to a written franchise agreement which provides that any controversy arising out of their contract should be submitted to arbitration. Guy filed suit for cancellation of the agreement by reason of certain claimed misrepresentations and non-disclosures. Sentry made a written demand for arbitration as provided in the contract and moved the court for an order compelling arbitration. The motion was denied and Sentry appeals.

The principal issue in this appeal is whether a claim of fraud in the inducement asserted in Guy's complaint removes the controversy from the field of arbitration. It is Guy's position that the contract provides that California law governs and that, therefore, under California law (Main v. Merrill Lynch, 136

Cal.Rptr. 378 (Ct.App. 1977)), where there is an allegation that fraud permeates an agreement, the issue must be determined judicially and not by arbitration.

California law does not govern this case, however. Because the agreement contemplates interstate commerce on its face and evidences "a transaction involving commerce," the contract is subject to the Federal Arbitration Act, 9 U.S.C. §§ 1-14, and federal law in relation thereto.[1]

The issue before us is resolved by Prima Paint Corp. v. Flood & Conkling Mfg. Co., 388 U.S. 395 (1967), wherein it was held that a general claim of fraud in the inducement of a contract is arbitrable but a specific claim of fraud in the inducement of the arbitration clause itself is for the courts to decide "and that this rule—one of 'national substantive law'—governs even in the face of a contrary state rule." 388 U.S. at 400, quoting Robert Lawrence Co. v. Devonshire Fabrics, Inc., 271 F.2d 402, 409 (C.A. 2nd Cir. 1959), cert. granted, 362 U.S. 909, dismissed under Rule 60, 364 U.S. 801 (1960). In Pinkis v. Network Cinema Corp., 512 P.2d 751, 755 (Wash.App. 1973), the Washington Court of Appeals remarked that "[t]his decision is necessary if the federal arbitration act is to have any efficacy at all," noting that "[t]he act was to be as widely effective as possible." See Robert Lawrence Co., supra, 271 F.2d 402, 410 (2nd Cir. 1959), wherein the court noted that,

> the parties are entitled to agree, should they desire to do so, that one of the questions for arbitrators to decide in case the controversy thereafter arises, is whether or not one of the parties was induced by fraud to make the principal contract. . . .
>
> The issue of fraud seems inextricably enmeshed in the other factual issues of the case. . . .

---

[1] 9 U.S.C. § 2 states in pertinent part:

A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, . . . shall be valid, irrevocable, and enforceable, save upon grounds as exist at law or in equity for the revocation of any contract.

The Franchise Agreement on its face involves interstate commerce. It contemplates an on-going relationship conducting business across state lines. Sentry, a California corporation has agreed "to train, equip, and license the prospective franchise buyer and promises extensive follow up and on-going assistance to the franchisee," and the franchisee has agreed to operate a business in Nevada and to pay royalties to the California corporation in return for use of the trademark, license and assistance.

510

 █

Under the national substantive law mentioned in *Prima Paint,* there can be no question but that the controversy of these parties should be submitted to arbitration.

Sentry filed an answer to Guy's complaint. The answer included an affirmative defense of obligatory arbitration but did not include an express demand for arbitration. Such an answer, Guy argues, constitutes a waiver of the right of arbitration. Based on our holding in County of Clark v. Blanchard Construction Co., 98 Nev. 488, 653 P.2d 1217 (1982), we reject this agrument.

For the reasons stated the order of the district court will be reversed with instructions that the parties are to be ordered to proceed with arbitration in the manner required by the franchise agreement.