# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE MIRAGE CASINO-HOTEL, A
NEVADA CORPORATION,
Appellant,
vs.
BEALE STREET BLUES COMPANY
LAS VEGAS, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
Respondent.

No. 64535

FILED

APR 01 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE AND REMAND*

This is an appeal from a district court order denying a motion to compel arbitration. Eighth Judicial District Court, Clark County; Susan Scann, Judge.

Appellant Mirage Casino-Hotel moved to compel arbitration under an arbitration clause in its lease agreement with respondent Beale Street Blues Company, a blues club and restaurant. The district court determined that the arbitration clause was unenforceable because Mirage waived arbitration when it refused to arbitrate an earlier lawsuit. The district court also determined that Beale Street suffered prejudice sufficient to avoid enforcement of the arbitration clause in the bankruptcy court adversarial proceedings against Mirage. Mirage argues that the arbitration enforcement clause in the parties' lease is enforceable, notwithstanding its participation in proceedings before the bankruptcy court. Mirage claims that Beale Street voluntarily dismissed the earlier suit, so its participation there cannot be used to establish a waiver. It also argues that Beale Street failed to prove prejudice sufficient to waive arbitration. We disagree.

16-10311

*Standard of review*

An order denying a motion to compel arbitration is directly appealable. NRS 38.247(1)(a). These orders typically involve mixed questions of fact and law. *Gonski v. Second Judicial Dist. Court*, 126 Nev. 551, 557, 245 P.3d 1164, 1168 (2010). Consequently, this court defers to the district court's factual findings, but it reviews pure questions of law de novo. *Id.*

"The party moving to enforce an arbitration clause has the burden . . . [to show] that the clause is valid." *D.R. Horton, Inc. v. Green*, 120 Nev. 549, 553, 96 P.3d 1159, 1162 (2004). But the party opposing enforcement of a valid arbitration clause must establish its defense to enforcement. *Gonski*, 126 Nev. at 557, 245 P.3d at 1169.

*Waiver of right to compel arbitration*

Following a hearing with oral argument, the district court denied Mirage's motion to compel arbitration. The district court found that Beale Street satisfied this court's test in *Nevada Gold & Casinos, Inc. v. American Heritage, Inc.*, 121 Nev. 84, 90, 110 P.3d 481, 485 (2005) because Beale Street proved that (1) Mirage knew of its right to arbitrate, (2) it proceeded incompatibly with its right, and (3) its involvement in the adversary proceedings before the bankruptcy court caused actual prejudice to Beale Street.

Mirage claims that because voluntarily dismissed cases are legal nullities, its participation in the bankruptcy case–that Beale Street voluntarily dismissed–cannot establish a waiver of arbitration in the instant case. Mirage additionally asserts that the district court also erred because Beale Street did not prove that it suffered actual prejudice from Mirage's participation in the bankruptcy proceedings.

Beale Street asserts that Mirage incorrectly argues that Beale Street voluntarily dismissed the adversary proceedings before the district court. As a result, Beale Street contends that Mirage's participation in the bankruptcy litigation absolutely establishes a waiver. Beale Street also argues that it proved it was prejudiced by delays, legal expenses, harm to its legal stance, and being forced out of business while litigating in bankruptcy court.

The issue before us is whether the district court correctly determined that Mirage waived the right to compel arbitration when it litigated in the adversary proceedings without compelling arbitration. We conclude that the district court correctly found that Mirage waived its right.

Like any other contractual right, a party can waive its right to arbitration. *United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 921 (9th Cir. 2009). However, waiver is not a favored finding and should not be inferred lightly. *Clark Cty. v. Blanchard Const. Co.*, 98 Nev. 488, 491, 653 P.2d 1217, 1219 (1982). A party waives the right to demand arbitration when it (1) knows of its right to arbitration, (2) acts inconsistently with an intent to arbitrate, and (3) prejudices the opposing party by actively litigating the dispute in another forum. *Nev. Gold & Casinos*, 121 Nev. at 90, 110 P.3d at 485.

Federal courts have found that a party may waive the right to arbitrate when it participates in litigation in a manner that is inconsistent with an intent to arbitrate its legal dispute. *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 926 (3d Cir. 1992). For example, the Third Circuit determined that parties waived their right to arbitration "by actively litigating this case for almost a year prior to filing their motion to

compel arbitration." *Id.* at 925. The D.C. Circuit held that a party "had 'invoked the litigation machinery' by, *inter alia*, filing an answer without asserting arbitration as an affirmative defense, requesting documents and deposing plaintiff's witnesses, opposing plaintiff's motion to amend its complaint, and moving for summary judgment." *Id.* at 926 (quoting *Nat'l Found. for Cancer Research v. A.G. Edwards & Sons*, 821 F.2d 772, 775 (1987)). The Fifth Circuit also affirmed a district court's denial of a motion to compel arbitration "where the defendant, during the seventeen months after the complaint was filed, initiated extensive discovery, answered twice, filed motions to dismiss and for summary judgment, filed and obtained two extensions of pretrial deadlines, all without demanding arbitration." *Id.* (internal quotations omitted) (referencing *Price v. Drexel Burnham Lambert, Inc.*, 791 F.2d 1156 (5th Cir. 1986)). And the Ninth Circuit similarly found a "waiver where defendant chose 'to litigate actively the entire matter—including pleadings, motions, and approving a pretrial conference order—and did not move to compel arbitration until more than two years after [plaintiffs] brought the action.'" *Id.* (alteration in original) (quoting *Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 759 (1988)).

"Waiver is generally a question of fact." *Nev. Gold & Casinos*, 121 Nev. at 89, 110 P.3d at 484. But waiver may be determined as a matter of law when the issue rests upon the legal implications of uncontested facts. *Id.*

### Knowledge of the right to arbitration

First, the record reflects, and Mirage does not dispute, that it was aware of its right and obligation to arbitrate all disputes associated with the lease.

*Actions inconsistent with the right to arbitration*

Second, Mirage acted inconsistently with its right to arbitrate in the proceedings before the bankruptcy court. Mirage incorrectly argues that Beale Street voluntarily dismissed the adversary proceedings before the bankruptcy court. Beale Street did not move the bankruptcy court to dismiss its adversary complaint against Mirage and a bankruptcy court may retain jurisdiction of related cases even when the underlying petition is dismissed. *See In re Kieslich*, 258 F.3d 968, 970-71 (9th Cir. 2001); *In re Carraher*, 971 F.2d 327, 328 (9th Cir 1992) (explaining that "[s]ection 349 of the Bankruptcy Code lists the various effects of dismissal of the underlying bankruptcy case; conspicuously absent from that list is automatic termination of jurisdiction over related cases"). The bankruptcy court "consider[s] economy, convenience, fairness, and comity in deciding whether to retain jurisdiction over pendent state claims." *Carraher*, 971 F.2d at 328.

Here, the bankruptcy court dismissed Beale Street's adversary complaint *sua sponte*; Beale Street moved to dismiss its bankruptcy petition but did not move to dismiss the adversary proceedings. Because Beale Street did not voluntarily dismiss its adversary complaint against Mirage, the bankruptcy proceedings are not a legal nullity. Mirage's actions in the bankruptcy proceedings are therefore relevant to whether Mirage acted inconsistently with an intent to arbitrate.

The record before us reflects that before Beale Street filed its petition and adversary complaint in the bankruptcy court, it informed Mirage that it intended to invoke its right to arbitrate. Mirage responded to Beale Street by agreeing to arbitrate a discrete portion of the dispute so long as Beale Street agreed to pay any amount awarded to Mirage within

ten days of the American Arbitration Association's (AAA's) decision. Thus, Mirage *conditionally* agreed to arbitration, and its conditional agreement is insufficient to establish an intent to arbitrate.

Moreover, Mirage did not raise its right to arbitrate all disputes related to the lease as an affirmative defense in its answer to the adversarial complaint or the amended adversarial complaint. Mirage also did not raise arbitration as an affirmative defense in the answering documents it filed with the state district court. And for approximately two years Mirage actively litigated in the bankruptcy court the same basic claims as those it now seeks to arbitrate. Even further, Mirage filed a counterclaim seeking declaratory relief along with its answer. It also opposed Beale Street's motion for partial summary judgment and counter-moved for partial summary judgment. Mirage additionally filed an application for an order shortening time and an emergency motion to convert Beale Street's petition from chapter 11 to chapter 7 or, in the alternative, for relief from the automatic stay to proceed with termination remedies. Mirage even filed a motion for sanctions and to disqualify Beale Street's attorney due to alleged discovery misconduct, which motion the bankruptcy court ultimately denied. The parties dispute whether Mirage conducted discovery during the bankruptcy proceedings.

Regardless of whether Mirage propounded discovery, we conclude that Mirage's actions were inconsistent with an intent to arbitrate. More than two years after litigation commenced in the bankruptcy court, Mirage finally asserted that the parties' dispute was subject to binding arbitration despite filing a counterclaim and several motions before the bankruptcy court. This is inconsistent with its right to arbitrate.

 

*Prejudice from litigating the dispute in another forum*

Third, we conclude that Beale Street suffered prejudice sufficient to avoid arbitration. We have held that prejudice may be shown "(1) when the parties use discovery not available in arbitration, (2) when they litigate substantial issues on the merits, or (3) when compelling arbitration would require a duplication of efforts." *Nev. Gold & Casinos*, 121 Nev. at 90-91, 110 P.3d at 485.

*Use of discovery not available in arbitration*

Beale Street fails to present any AAA rule or precedent which will impact its ability to use its discovery from the bankruptcy proceedings. Beale Street also fails to direct this court to any discovery that it believes would be excluded in arbitration or how exclusion would impact its ability to prove its case. It simply argues that a possibility exists that its evidence could be excluded, without explaining how remote the possibility may be. Accordingly, we conclude that Beale Street has not proven that it would suffer prejudice because the evidence obtained in the prior proceedings will not be available in arbitration.

*Litigation of substantial issues on the merits*

The parties extensively litigated the merits of this case in the proceedings before the bankruptcy court. Both parties filed motions for partial summary judgment and Mirage filed a motion to convert Beale Street's chapter 11 petition to chapter 7 in order to negotiate with the trustee and secure a resolution to the adversarial complaint. Had Mirage agreed to arbitrate the parties' entire dispute—instead of a single, discrete aspect—or had Mirage sought to compel arbitration at the inception of the bankruptcy proceedings, the parties could have avoided two years of litigation, along with its associated costs and delays.

Mirage charges that Beale Street's sole assertion of prejudice is its desire to avoid arbitration costs, which does not constitute prejudice. However, prior to commencing bankruptcy proceedings, Beale Street reminded Mirage of the arbitration clause in their contract. Mirage responded by agreeing to arbitrate only a portion of the parties' dispute and by requiring Beale Street to agree to additional terms. Based on Mirage's rigid stance, Beale Street promptly filed for bankruptcy protection.

Accordingly, we conclude that Beale Street has proved that it suffered prejudice because the parties previously litigated substantial issues on the merits.

### Duplication of efforts

Neither the record on appeal nor the parties' arguments clearly explain what previous litigation would be duplicated through arbitration but not duplicated in proceedings before the district court.

As indicated, Mirage never sought an order compelling arbitration from the bankruptcy court and instead litigated the adversary complaint against it for approximately two years. Because Beale Street expended hefty sums during the prior litigation and has gone out of business, it no longer has either the assets or the cash flow to fund proceedings that it estimates will cost $50,000 to $60,000. Therefore, Mirage caused Beale Street to suffer actual prejudice sufficient to avoid arbitration.

We take this opportunity to distinguish the instant case from *MB America v. Alaska Pacific Leasing*, 132 Nev., Adv. Op. 8, ___ P.3d ___ (2016). In *MB America*, we held that a prelitigation mediation provision established a condition precedent to litigation. *Id.* at ___. We also held

SUPREME COURT
OF
NEVADA

(O) 1947A

8

that because MB America failed to initiate mediation proceedings pursuant to its contract with Alaska Pacific, the district court was correct to grant Alaska Pacific's motion for summary judgment, which argued that the complaint was premature because MB America had not complied with the mediation requirement. *Id.* at \_\_\_. There, the parties had not engaged in extended litigation before Alaska Pacific sought to enforce the mediation provision in the parties' contract. *Id.* at \_\_\_. Alaska Pacific promptly sought to enforce the mediation provision in the contract. *Id.* at \_\_\_. Alaska Pacific did not submit to years of litigation before it sought to enforce mediation as a condition precedent. *Id.* at \_\_\_. Although MB America asserted that Alaska Pacific had entirely refused to mediate, Alaska Pacific did not postpone enforcing the contractual right to mediate once MB America filed its complaint in the district court. *Id.* at \_\_\_. Instead, MB America sought summary judgment early in the proceedings. *Id.* at \_\_\_.

Here, Mirage's request to compel arbitration is several years too late and comes after Mirage indicated that it would not arbitrate all of the parties' disputes, despite the clear language in the contract that says "*All* disputes, controversies or claims . . . shall be subject to binding arbitration . . . in accordance with the rules American Arbitration Association." (Emphasis added). Had Mirage sought to compel arbitration early in the bankruptcy proceedings, we would not be able to reach the same decision.

Moreover, MB America was not in a situation where it needed to seek immediate protection. *MB America*, 132 Nev., Adv. Op. 8, \_\_\_ P.3d at \_\_\_. When Beale Street informed Mirage that the parties needed to arbitrate a resolution to their conflict, Mirage indicated that it would

SUPREME COURT
OF
NEVADA

9

(O) 1947A

arbitrate the stewarding charges but it would continue with proceedings to evict Beale Street, thereby rejecting Beale Street's request for arbitration. Thus, Beale Street needed immediate protection to prevent its eviction. Although the AAA may have been able to provide Beale Street with immediate protection, *see* American Arbitration Association's (AAA) "Commercial Arbitration Rules and Mediation Procedures," titled "Interim Measures," para. R-37(a), Beale Street cannot be faulted for seeking protection through the bankruptcy court. *See Id.* at para. R-37(c) ("A request for interim measures addressed by a party to a judicial authority shall not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate."). If Mirage wanted to preserve its right to arbitrate, it needed to take the necessary steps to do so at the commencement of litigation before the bankruptcy court. Asserting its right at this point in the litigation between the parties is too little too late.

We acknowledge that Beale Street did not initiate mediation "in accordance with the rules of the American Arbitration Association," as the parties' contract requires. In *MB America*, MB America's failure to initiate mediation pursuant to AAA rules was a significant factor that compelled this court to affirm the district court's decision to enforce the mediation provision. 132 Nev., Adv. Op. 8, ___ P.3d at ___. However, in the instant case, we conclude that Beale Street's failure to follow the provision in the contract requiring arbitration under AAA rules is significantly outweighed by Mirage's failure to assert its right to compel arbitration at an earlier time. Alaska Pacific did not postpone asserting its right after years of litigation. *Id.* at ___. Mirage did and, therefore, waived its right to compel arbitration.

SUPREME COURT
OF
NEVADA

(O) 1947A

Accordingly, the district court did not abuse its discretion in finding that Beale Street was prejudiced and did not err in denying Mirage's motion to compel arbitration. We therefore

ORDER the judgment of the district court AFFIRMED AND REMAND this matter to the district court for further proceedings.

_____, C.J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Susan Scann, District Judge
Ara H. Shirinian, Settlement Judge
Pisanelli Bice, PLLC
Sean Claggett & Associates, Inc.
Eighth District Court Clerk