# IN THE SUPREME COURT OF THE STATE OF NEVADA

U.S. HOME CORPORATION, A
DELAWARE CORPORATION,
Appellant,
vs.
MIGUEL MEDINA AND MARIA T.
MEDINA; CHRISTOPHER BURGESS
AND CHELCY C. BURGESS; KATRINA
HALLENBACK; PEDRO LINARES AND
MARIA LINARES; BERNARD RAMSEY;
RAMIRO SILVA; NAOMI L. GRASSO;
STEPHEN GIBBS; REBECCA GARCIA;
CEDRIC L. ARMSTEAD AND SHARON
L. ARMSTEAD; TERRY FOJA AND
JOSEFINA FOJA; JAY W. KILLEN, JR.;
DAISY VILLANUEVA; JUSTIN
DUNCAN; AND JAMES JOHNSON,
Respondents.

No. 64604

FILED

MAY 10 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

U.S. HOME CORPORATION, A
DELAWARE CORPORATION,
Appellant,
vs.
MIGUEL AND MARIA T. MEDINA,
INDIVIDUALLY; CHRISTOPHER AND
CHELCY C. BURGESS,
INDIVIDUALLY; KATRINA
HALLENBACK, INDIVIDUALLY;
IVANN AND FELICIA HIGGINS,
INDIVIDUALLY; AARON DICKERSON
AND TIERA JACKSON,
INDIVIDUALLY; GILBERT LEDEZMA
AND CECILIA SANZON,
INDIVIDUALLY; PEDRO AND MARIA
LINARES, INDIVIDUALLY; BERNARD
RAMSEY, INDIVIDUALLY; RAMIRO
AND AUTUMN SILVA,
INDIVIDUALLY; VICTORIA AND
ALBERT J. VARSOLONA,
INDIVIDUALLY; LINDA D. AND
TOMMY J. LIVELY, INDIVIDUALLY;
NAOMI L. GRASSO, INDIVIDUALLY;

No. 66203

18-17916

CHASRICK SERVICES, LTD. AND RICHARD KULCHYSKI, INDIVIDUALLY; STEPHEN GIBBS, INDIVIDUALLY; MARCUS A. AND NANCY L. MELENDEZ, INDIVIDUALLY; BEVERLY BOOKER, INDIVIDUALLY; REBECCA AND EDUARDO GARCIA, JR., INDIVIDUALLY; RODERICK A. AND MARIA E. GARRISON, INDIVIDUALLY; MARK BROWN, INDIVIDUALLY; MANUEL A. AND GIOVANNA A. FLEISSNER, INDIVIDUALLY; CEDRIC L. AND SHARON L. ARMSTEAD, INDIVIDUALLY; MICHAEL AND IRMA BARAJAS, INDIVIDUALLY; SHEILA CHRISTMAS, INDIVIDUALLY; CELSO P. AND JOSEFINA DELDOC, INDIVIDUALLY; TERRY AND JOSEFINA FOJA, INDIVIDUALLY; ERICK AND KASEY HANSEL, INDIVIDUALLY; JAY W. AND PATRICIA C. KILLEN, JR., INDIVIDUALLY; WESLY LEHTO, INDIVIDUALLY; CLEOTHA ROBINSON, INDIVIDUALLY; VENUGOPALA MALALI ANANTHA AND UMADEVI MALALI VENUGOLPOALA, INDIVIDUALLY; DAISY VILLENUEVA, INDIVIDUALLY; VICTOR J. YOUNG, INDIVIDUALLY; DANIEL ADELSECK AND CORNERSTONE REALTY, LLC, INDIVIDUALLY; CHESTER A. AND JACQUELINE COOPER, III, INDIVIDUALLY; JUSTIN DUNCAN, INDIVIDUALLY; JAMES JOHNSON, INDIVIDUALLY; AND SARAH MARLOTT, INDIVIDUALLY, Respondents.

*ORDER OF REVERSAL AND REMAND*

This is a consolidated appeal from district court orders denying motions to compel arbitration in a construction defect action. Eighth Judicial District Court, Clark County; Susan Johnson, Judge.

*FACTS AND PROCEDURAL HISTORY*

Between April 2006 and September 2009, respondents (collectively the Homeowners) entered into purchase and sale agreements with U.S. Home for the construction of new homes in a North Las Vegas community. Each purchase and sale agreement contained provisions requiring claims to be arbitrated pursuant to the Federal Arbitration Act (FAA). The provisions further specified that the arbitrator shall have the right to award reasonable attorney fees and expenses, and that unless otherwise recoverable by law or statute, each party shall bear its own costs and expenses for mediation and arbitration.

The Homeowners' homes are also subject to Covenants, Conditions & Restrictions (CC&Rs). Section 25.3 of the CC&Rs states that both U.S. Home and the Homeowners must submit disputes to arbitration, including any dispute involving construction defects or the sale of the homes. The CC&Rs also provide that the FAA governs the CC&Rs and that the Homeowners retain all rights under NRS Chapter 40. Finally, the CC&Rs provide that the arbitrator shall be authorized to provide all recognized remedies available in law or in equity for any cause of action that is the basis of the arbitration.

*Construction defect litigation*

In late 2011, U.S. Home began receiving pre-litigation notices of constructional defects pursuant to NRS 40.645. In late 2012, the Homeowners filed their complaint. Neither party propounded discovery over the next year.

In mid-2013, following the Homeowners' amended complaint, U.S. Home filed its first motion to compel arbitration against 16 Homeowners based on the purchase and sale agreements. The district court subsequently issued its written order denying U.S. Home's first motion to compel arbitration concluding that the FAA does not apply, that the arbitration provisions are procedurally and substantively unconscionable, and that U.S. Home waived its right to arbitrate. U.S. Home appealed, resulting in the appeal in Docket No. 64604.

After the complaint was amended to add additional Homeowner plaintiffs, U.S. Home then filed a second motion to compel arbitration against all 40 Homeowners based on the community CC&Rs. The district court denied the second motion. U.S. Home again appealed, resulting in the appeal in Docket No. 66203.

On appeal, U.S. Home argues (1) it did not waive its right to arbitrate; (2) the FAA applies to the purchase and sale agreements and the CC&Rs; and (3) the arbitration provisions are not procedurally or substantively unconscionable.

## DISCUSSION

### Standard of review

An order denying a motion to compel arbitration typically involves mixed questions of fact and law. *Gonski v. Second Jud. Dist. Ct.*, 126 Nev. 551, 557, 245 P.3d 1164, 1168 (2010). Consequently, this court defers to the district court's factual findings, but it reviews pure questions of law de novo. *Id.*

### U.S. Home did not waive its right to arbitrate

The district court concluded that U.S. Home waived its right to arbitrate its claims. U.S. Home argued that its actions were consistent with NRS Chapter 40 and that the Homeowners have not established prejudice

SUPREME COURT
OF
NEVADA

(O) 1947A

4

as a result of U.S. Home's efforts to arbitrate.[1] We conclude U.S. Home is correct.

"[W]aiver may be shown when the party seeking to arbitrate (1) knew of [its] right to arbitrate, (2) acted inconsistently with that right, and (3) prejudiced the other party by [its] inconsistent acts." *Nev. Gold & Casinos, Inc. v. Am. Heritage, Inc.*, 121 Nev. 84, 90, 110 P.3d 481, 485 (2005) (adopting the test set forth in *Kelly v. Golden*, 352 F.3d 344, 349 (8th Cir. 2003)). Although waiver is generally a factual question, "when the determination rests on the legal implications of essentially uncontested facts, then it may be determined as a matter of law" that this court reviews de novo. *Id.* at 89, 110 P.3d at 484.

In its order, the district court concluded that U.S. Home knew of its right to arbitrate throughout the underlying transaction and early stages of the case. The district court noted that U.S. Home demonstrated this knowledge by filing an answer that listed the right to arbitrate as an affirmative defense and engaging in the NRS Chapter 40 pre-litigation process. Additionally, the district court found that U.S. Home acted inconsistently with its right to arbitrate by "engag[ing] in the early stages of discovery" where a special master had been appointed and a case management order had been filed. The district court made no conclusion regarding prejudice to either party.

*U.S. Home knew of its right to arbitrate*

This element appears beyond dispute. As noted by the district court, "there is no doubt [U.S. Home] knew of its right to arbitrate" because U.S. Home sought to arbitrate throughout the life of the underlying case.

---

[1]The 2015 Legislature substantially amended the construction defect litigation process provided in NRS Chapter 40, effective July 10, 2015. The instant appeals were initiated prior to those changes. *See* 2015 Nev. Stat., ch. 2, §§ 1-23, at 2-21; A.B. 125, 78th Leg. (Nev. 2015).



Indeed, U.S. Home specifically pleaded its right to arbitrate the claims as an affirmative defense in its answer.

### U.S. Home did not act inconsistently with its right to arbitrate

In *Nevada Gold*, we held that, under certain circumstances, litigating a matter in district court can constitute a waiver of a right to arbitrate the same dispute. 121 Nev. at 90-91, 110 P.3d at 485. Additionally, in *County of Clark v. Blanchard Construction Co.*, we suggested in dicta that waiver might be found where "the delay in seeking arbitration was unreasonable or that [the party seeking arbitration] in any way engaged in wilful misconduct or acted in bad faith." 98 Nev. 488, 491, 653 P.2d 1217, 1220 (1982).

We conclude, however, that U.S. Home's involvement in the litigation was not sufficient to demonstrate actions inconsistent with its right to arbitrate. Though U.S. Home filed both an answer and an amended answer, at the time U.S. Home moved to compel arbitration, neither party had propounded any written discovery or noticed any depositions. We conclude that filing an answer, stipulating to the appointment of a special master, filing a third-party complaint, and otherwise complying with the early stages of the NRS Chapter 40 pre-litigation process do not evince acts inconsistent with U.S. Home's desire to arbitrate. Rather, these were required steps to facilitate arbitration. Indeed, U.S. Home asserted arbitration as an affirmative defense in its answer and moved to compel arbitration after the Homeowners amended the complaint—belying any argument that U.S. Home's actions unreasonably delayed their efforts to arbitrate. Thus, we conclude U.S. Home did not act inconsistent with its right to arbitrate.

### U.S. Home did not prejudice the Homeowners

"[T]he primary focus in determining whether arbitration has been waived is the resulting prejudice to the party opposing arbitration."

SUPREME COURT
OF
NEVADA

(0) 1947A

6

*Nev. Gold & Casinos, Inc.*, 121 Nev. at 90, 110 P.3d at 485. "Prejudice may be shown (1) when the parties use discovery not available in arbitration, (2) when they litigate substantial issues on the merits, or (3) when compelling arbitration would require a duplication of efforts." *Id.* at 90-91, 110 P.3d at 485.

At the time U.S. Home moved to compel arbitration, neither party had propounded any written discovery or noticed any depositions and the district court had only entered four uncontested orders. Thus, the parties neither used discovery not available in arbitration nor litigated any issues on the merits.

With respect to the third factor, U.S. Home argues that compelling arbitration will not require a duplication of efforts because the Homeowners' claims are covered by the arbitration agreements, so the Homeowners will not be required to litigate some claims before the district court and some claims before the arbitrator. The Homeowners counter that arbitration at this stage would require a duplication of efforts to establish an arbitration record, in addition to the existing litigation record, as well as an increase of costs for both parties.

We conclude there is very little that is likely to be duplicated by compelling arbitration. In the underlying matter, there have been no major issues litigated, discovery propounded, or depositions taken.[2] Indeed, "only prior litigation of the same legal and factual issues as those the party now wants to arbitrate results in waiver of the right to arbitrate." *Principal Invs., Inc. v. Harrison*, 132 Nev., Adv. Op. 2, 366 P.3d 688, 697 (2016). Therefore, given the limited procedural history of the underlying litigation,

---

[2]Additionally, while the Homeowners argue that some of their inspections will not be admissible in arbitration, they offer no proof that those inspections would be inadmissible.




we conclude that compelling arbitration will not require a duplication of efforts or prejudice the Homeowners.

Thus, while U.S. Home certainly knew of its right to arbitrate, it did not act inconsistently with that right and the Homeowners suffered no prejudice. Accordingly, U.S. Home did not waive its right to arbitrate and the district court erred in finding otherwise.

*The FAA applies to the arbitration provisions, which are enforceable*

U.S. Home contends the district court erred by concluding the FAA does not apply to arbitration clauses in the purchase and sale agreements and CC&Rs and that the district court further erred by concluding the clauses were unconscionable and unenforceable. We concur with U.S. Home.

First, both the CC&Rs and the purchase sale agreements contain provisions that appropriately designate the FAA as the choice of law governing arbitration.[3] "So long as 'the parties acted in good faith and not to evade the law of the real situs of the contract,' Nevada's choice-of-law principles permit parties 'within broad limits to choose the law that will determine the validity and effect of their contract.'" *Progressive Gulf Ins. Co. v. Faehnrich*, 130 Nev. 167, 171, 327 P.3d 1061, 1064 (2014). Accordingly, parties may choose the FAA to govern in arbitration agreements involving commerce. *See Tallman v. Eighth Jud. Dist. Ct.*, 131 Nev., Adv. Op. 71, 359 P.3d 113, 121 (2015). Here, where two diversely

---

[3]The CC&Rs create a contractual obligation and therefore an arbitration agreement may be appropriately included therein. *See U.S. Home Corp. v. Michael Ballesteros Trust*, 134 Nev., Adv. Op. 25, ___ P.3d ___ (2018) (holding that "CC&Rs can state agreements to arbitrate, enforceable under the [Uniform Arbitration Act] or the FAA," relying on *Pinnacle Museum Tower Ass'n v. Pinnacle Market Development, LLC*, 282 P.3d 1217, 1226 (Cal. 2012)).

domiciled parties have chosen the FAA to govern over arbitration matters concerning home construction and sale, the FAA applies.

Furthermore, the arbitration agreements contained within the CC&Rs and purchase sale agreements are not unconscionable and are enforceable under the FAA. The FAA presumes that arbitration agreements are enforceable, "save upon such grounds as exist at law or in equity for the revocation of any contract," such as unconscionability. 9 U.S.C. § 2; *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). Here, the Homeowners argue the arbitration agreements are unenforceable due to both procedural and substantive unconscionability. *Burch v. Second Jud. Dist. Ct.*, 118 Nev. 438, 443, 49 P.3d 647, 650 (2002) ("Generally, both procedural and substantive unconscionability must be present in order for a court to exercise its discretion to refuse to enforce a contract or clause as unconscionable.")

Procedural unconscionability exists "when a party has 'no meaningful opportunity to agree to the clause terms . . . because the clause and its effects are not readily ascertainable upon a review of the contract." *Gonski v. Second Jud. Dist. Ct.*, 126 Nev. 551, 558, 245 P.3d 1164, 1169 (2010). This court has held that "an arbitration clause must at least be conspicuous and clearly put a purchaser on notice that he or she is waiving important rights." *D.R. Horton, Inc. v. Green*, 120 Nev. 549, 557, 96 P.3d 1159, 1164 (2004). The Homeowners argue the provisions in this matter violate the procedural unconscionability doctrine set forth in *D.R. Horton* because they are inconspicuous and written in a complicated manner "that fails to inform a reasonable person of the contractual language's consequences." *Id.* at 554, 96 P.3d at 1162.

However, where federal law controls an arbitration agreement, a state may not interpret general contract defenses, like unconscionability, in a manner that disfavors the arbitration agreements or places arbitration

SUPREME COURT
OF
NEVADA

(O) 1947A

agreements on a different footing than the rest of the general contract. *See Concepcion*, 563 U.S. at 341; *see also Ballesteros Trust*, 134 Nev., Adv. Op. 25, ___ P.3d at ___. If state law singles out and disfavors arbitration agreements, the FAA will preempt that law. *Concepcion*, 563 U.S. at 341; *see also Ballesteros Trust*, 134 Nev., Adv. Op. 25, ___ P.3d at ___.

The procedural unconscionability rules relied on by the district court and the Homeowners to invalidate the arbitration agreement in this case are identical to those this court recently addressed in *U.S. Home Corp. v. Michael Ballesteros Trust*, 134 Nev., Adv. Op. 25, ___ P.3d ___ (2018). In that case, we concluded that our prior caselaw's requirement that an arbitration agreement be more conspicuous than other terms of a contract, *see D.R. Horton*, 120 Nev. at 557, 96 P.3d at 1164, was exactly the kind of law the FAA sought to preempt because it "imposes stricter requirements on arbitration agreements than other contracts generally." 134 Nev., Adv. Op. 25, ___ P.3d at ___; *see also Doctor's Assocs. v. Casarotto*, 517 U.S. 681, 687-88 (1996) (invalidating a Montana law requiring that arbitration agreements be more conspicuous than other contractual terms). We therefore concluded that this requirement was preempted by the FAA in contracts governed by the FAA. *Ballesteros Trust*, 134 Nev., Adv. Op. 25, ___ P.3d at ___. Because the district court's basis for finding procedural unconscionability is preempted, the arbitration agreement in this case is not unconscionable and may be enforced. Moreover, as we conclude there is no procedural unconscionability due to federal preemption, we need not address substantive unconscionability as both are needed to render a provision unenforceable.

In sum, we hold that the FAA applies to the arbitration clauses in both the purchase and sale agreements and the CC&Rs, and that the clauses are both enforceable. Thus, the district court erred by concluding otherwise. Accordingly, we

Supreme Court
OF
Nevada

(O) 1947A

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for entry of an order granting U.S. Home's motion to compel arbitration.

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Susan Johnson, District Judge
       Stephen E. Haberfeld, Settlement Judge
       Payne & Fears LLP
       Shinnick, Ryan & Ransavage P.C.
       Eighth District Court Clerk