# IN THE SUPREME COURT OF THE STATE OF NEVADA

STEVE CASE TRADITIONAL IRA LLC;
AND J PEARL LLC,
Appellants,
vs.
BANK OF AMERICA, N.A.; AND
RECONTRUST COMPANY,
Respondents.

No. 69115

FILED

NOV 1 9 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment, certified as final under NRCP 54(b), in an action to quiet title.[1] Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.

The district court correctly determined that respondent Bank of America cured the default as to the superpriority portion of the HOA's lien by tendering $1,568.48 to the HOA's agent, which exceeded 9 months of assessments.[2] *See Horizons at Seven Hills Homeowners Ass'n v. Ikon Holdings, LLC*, 132 Nev. 362, 373, 373 P.3d 66, 72 (2016) ("[A] superpriority lien pursuant to NRS 116.3116(2) [(2011)] . . . is limited to an amount equal to nine months of common expense assessments."). The tender of the

---

[1]Having considered appellants' response and supplemental response to this court's July 19, 2018, Order to Show Cause, we conclude that this court has jurisdiction over this appeal.

[2]Although appellants mention in passing that $1,568.48 was "an indisputably deficient amount," the evidence in the record demonstrates that this amount exceeded 9 months of assessments and does not suggest anything else was properly included in the superpriority lien amount.

18-904718

defaulted superpriority portion of the HOA's lien cured the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust. *Bank of America, N.A. v. SFR Investments Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113 (2018). Although appellants contend that (1) Bank of America's tender was ineffective because it imposed conditions, (2) Bank of America needed to record evidence of the tender, and (3) appellants' predecessor is protected as a bona fide purchaser, we recently rejected similar arguments.[3] *Id.* at 118-121. Accordingly, the district court correctly determined that appellants' predecessor took title to the property subject to the first deed of trust. We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc: Hon. Tierra Jones, District Judge
Janet Trost, Settlement Judge
The Law Office of Mike Beede, PLLC
Akerman LLP/Las Vegas
Gerrard Cox & Larsen
Eighth District Court Clerk

---

[3]Appellants have not identified any condition that Bank of America was not legally entitled to impose. *County of Clark v. Blanchard Construction Co.* is not contrary to *Bank of America*, as the tendering party in that case tendered less than the amount actually owed. 98 Nev. 488, 493, 653 P.2d 1217, 1221 (1982).