# IN THE SUPREME COURT OF THE STATE OF NEVADA

ZIXIAO CHEN, AN INDIVIDUAL,
Appellant,
vs.
BANK OF AMERICA, N.A., A
NATIONAL ASSOCIATION,
Respondent.

No. 72507

FILED

JAN 17 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____ DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

The district court correctly determined that respondent Bank of America's agent tendered $1,179 to Red Rock Financial Services, which undisputedly represented 9 months of assessments. *See Bank of America, N.A. v. SFR Investments Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113, 117 (2018) (stating that, as explained in prior decisions, "[a] plain reading of [NRS 116.3116(2) (2012)] indicates that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid [common expense] assessments"). The tender of the defaulted superpriority portion of the HOA's lien cured the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust. *Id.* at 118-121.

Appellant contends that (1) Bank of America's tender was ineffective because it imposed conditions, (2) Bank of America needed to

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

19-02804

record evidence of the tender, and (3) appellant is protected as a bona fide purchaser, but we recently rejected similar arguments. *Id.* We are not persuaded by appellant's argument that the letter accompanying the check conditioned acceptance of the tender as an agreement that the entire unpaid balance was being paid in full. To the contrary, the letter expressly stated that *"BANA's financial obligations towards the HOA* . . . have now been 'paid in full.'" (emphasis added).[2] *Cf.* 1982 Uniform Common Interest Ownership Act, § 3-116 cmt. 1 (observing that a secured lender can protect its security interest by paying the superpriority portion of an HOA's lien); 1994 & 2008 Uniform Common Interest Ownership Acts, § 3-116 cmt. 2 (same). We decline to consider appellant's remaining arguments regarding supposed improper conditions imposed in the letter, as well as appellant's suggestion that Bank of America did not introduce evidence to support its tender, because those arguments were not preserved below. *Old Aztec Mine, Inc. v. Brown,* 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

In sum, the district court correctly determined that appellant took title to the property subject to the first deed of trust. We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

---

[2]*County of Clark v. Blanchard Construction Co.* is not contrary to *Bank of America,* as the tendering party in that case tendered less than the amount actually owed. 98 Nev. 488, 493, 653 P.2d 1217, 1221 (1982).

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Gloria Sturman, District Judge
The Law Office of Mike Beede, PLLC
Akerman LLP/Las Vegas
Eighth District Court Clerk