# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET BACKED CERTIFICATES, SERIES 2005-AB2,
Appellant,
vs.
NV EAGLES, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Respondent.

ADRIA WALLACE, AN INDIVIDUAL,
Appellant,
vs.
NEVADA ASSOCIATION SERVICES, INC., A NEVADA CORPORATION; AND NV EAGLES, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Respondents.

No. 73802

FILED

MAR 29 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a final judgment in a tort and quiet title action. Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge. Reviewing the challenged summary judgment order de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we reverse and remand.[1]

Appellant Bank of New York Mellon contends that the district court erred when it granted summary judgment for respondent NV Eagles, given that Bank of New York Mellon's predecessor tendered $1,188 to the

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

HOA's agent, which undisputedly exceeded 9 months of assessments. *See Bank of America, N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113, 117 (2018) (stating that, as explained in prior decisions, "[a] plain reading of [NRS 116.3116(2) (2012)] indicates that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid [common expense] assessments"). We agree. The tender of the defaulted superpriority portion of the HOA's lien cured the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust. *Id.* at 118-21. Although NV Eagles contends that the tender was ineffective because it imposed conditions and NV Eagles' predecessor is protected as a bona fide purchaser, we recently rejected similar arguments.[2] *Id.* Accordingly, NV Eagles took title to the property subject to the first deed of trust in the event that the foreclosure sale cannot be set aside on equitable grounds.

Turning to Ms. Wallace's appeal,[3] genuine issues of material fact made summary judgment for NV Eagles and against Ms. Wallace improper as to her prayer to set aside the sale on equitable grounds. *Cf.*

---

[2]NV Eagles has not identified any condition that Bank of New York Mellon's predecessor was not legally entitled to impose. *County of Clark v. Blanchard Construction Co.* is not contrary to *Bank of America*, as the tendering party in that case tendered less than the amount actually owed. 98 Nev. 488, 493, 653 P.2d 1217, 1221 (1982).

[3]Ms. Wallace does not argue for reversal as to Sunrise Ridge Master Association. Similarly, and although it is unclear how Ms. Wallace's claims against respondent Nevada Association Services were subsequently resolved, neither Ms. Wallace nor Nevada Association Services has argued on appeal that resolution of those claims should be reversed. We therefore leave the resolution of those claims undisturbed.

*Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91, 405 P.3d 641, 647-49 (2017) (discussing cases and reaffirming that a foreclosure sale may be set aside on equitable grounds when there is an inadequate sales price combined with evidence of "fraud, unfairness, or oppression"). Most notably, the record contains conflicting evidence as to whether Ms. Wallace was mailed the notice of sale or whether she otherwise had actual notice of the HOA's impending foreclosure sale, as Ms. Wallace testified under oath that she was not mailed the notice of sale and was otherwise unaware of the sale until after it took place.[4] Given the district court's and NV Eagles' failure to directly address this issue and others raised by Ms. Wallace on appeal,[5] we cannot conclude that the record supports judgment as a matter of law in favor of NV Eagles on Ms. Wallace's equitable claims. *Wood*, 121 Nev. at 729, 121 P.3d at 1029 (recognizing that summary judgment is appropriate only when there are no genuine issues of

---

[4]Ms. Wallace's position is reinforced by the absence of a return receipt from her for the notice of sale in the HOA's agent's file, despite there being return receipts from other entities. *Cf.* NRS 116.311635(1), (2) (2012) (requiring the notice of sale to be mailed to a unit owner with a "return receipt requested").

[5]Although we recognize that the district court's summary judgment order found that the notice of sale "was mailed to all parties of interest," we are concerned with the absence of any findings regarding what appears to be conflicting evidence on this issue. Similarly, although Ms. Wallace raised several arguments on appeal that were not raised below and that the district court necessarily could not have considered, NV Eagles failed to object on appeal to this shortcoming. *Cf. Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1158 n.3 (9th Cir. 2016) ("[I]t is well-established that a party can waive waiver." (internal quotation marks and citations omitted)).

material fact and the moving party is entitled to a judgment as a matter of law). Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[6]

_____ Pickering , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Cadish

cc:   Hon. Joseph Hardy, Jr., District Judge
Ayon Law, PLLC
Akerman LLP/Las Vegas
Adams Law Group
Christopher V. Yergensen
Hong & Hong
Eighth District Court Clerk

---

[6]In light of this disposition, we vacate the Court of Appeals' June 22, 2018, order that stayed enforcement of the challenged judgment and enjoined NV Eagles from instituting eviction proceedings. This should not be construed as precluding Ms. Wallace from seeking similar relief in district court on remand.