JAMES BURCH AND LINDA BURCH, PETITIONERS, v. THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, AND THE HONORABLE STEVEN R. KOSACH, DISTRICT JUDGE, RESPONDENTS, AND DOUBLE DIAMOND RANCH, LLC, A NEVADA CORPORATION; AND DOUBLE DIAMOND HOMES, LLC, A NEVADA CORPORATION, REAL PARTIES IN INTEREST.

No. 38283

July 17, 2002

49 P.3d 647

[Rehearing denied September 11, 2002]

[En banc reconsideration denied October 29, 2002]

*Robert C. Maddox & Associates* and *Samuel S. Crano,* Reno, for Petitioners.

*Walther Key Maupin Oats Cox & LeGoy* and *Donald A. Lattin,* Reno, for Real Parties in Interest.

*Vannah Costello Canepa Riedy Rubino & Lattie,* Las Vegas, for Amicus Curiae Nevada Trial Lawyers Association.

## OPINION

*Per Curiam:*

This petition challenges a district court order granting a motion to compel arbitration in favor of real parties in interest Double Diamond Ranch, LLC and Double Diamond Homes, LLC (Double Diamond). Petitioners James and Linda Burch purchased a new home and a homebuyer warranty from Double Diamond. When problems developed in their home, they contacted Double Diamond to fix them. After attempts at mediation failed, the Burches filed a complaint in district court for damages relating to Double Diamond's construction of their new home. The district court concluded that the Burches had entered into a valid con-

tractual agreement, via the homebuyer warranty, to resolve any disputes concerning their home through arbitration. We disagree, and we, therefore, grant this petition for a writ of mandamus.

## FACTS

In March 1997, the Burches purchased a new Diamond Country home developed and constructed by real parties in interest Double Diamond. In October 1997, approximately four months after closing, Double Diamond gave Linda Burch a thirty-one-page warranty booklet and asked her to sign a one-page "Application for Home Enrollment" for the 2-10 Home Buyers Warranty (HBW) offered by Double Diamond. She signed the "application" form, but she did not read the thirty-one-page booklet.

The HBW purports to be an express limited warranty. It provides one-year coverage that warrants the home will be free from materials and workmanship defects. In the second year, the coverage narrows to electrical, plumbing, and mechanical systems defects. For ten years, the HBW provides coverage that warrants the home will be free from structural defects.

The one-page "Application for Home Enrollment" states in paragraph nine that,

> [b]y signing, Homebuyer acknowledges that s/he has viewed and received a video of "Warranty Teamwork: You, Your Builder & HBW," read the warranty and has received a copy of this form with the Home Buyers Warranty Booklet and CONSENTS TO THE TERMS OF THESE DOCUMENTS INCLUDING THE BINDING ARBITRATION PROVISION contained therein.

The HBW's arbitration clause provides, in pertinent part, that:

> Any controversy, claim or complaint arising out of or relating to Builder's workmanship/systems limited warranty coverages provided by Builder under the terms of this agreement which Homebuyer and Builder do not resolve by mutual agreement shall be settled by *final and binding* arbitration in accordance with the Construction Arbitration Services (CAS) or other [National Home Insurance Company] NHIC/HBW approved rules applicable to the home warranty industry in effect at the time of the arbitration. . . .
>
> Any controversy concerning a claim arising out of or relating to the Builder's ten year structural coverage (insured by NHIC) shall be settled by final and binding arbitration. . . . Arbitration of all structural warranty disputes will be conducted by arbitrators supplied by an NHIC approved arbitration service.

This arbitration clause further provides that the final and binding arbitration is governed by the Federal Arbitration Act (FAA)[1] "to the exclusion of any provisions of state arbitration law."

In January 1999, the Burches complained to Double Diamond about "serious problems underneath [their] house"—saturated floor joists, wet insulation, muddy ground, and a wet, moldy foundation. They requested that Double Diamond remedy the situation by removing the insulation, professionally treating the area with mildew and fungicide controls, installing upgraded insulation with proper venting, constructing a proper water barrier underneath the house, and reimbursing them for all current and future fees for professional inspections. While contesting liability, Double Diamond offered to completely dry the crawl space underneath the house, install two additional foundation vents and a six-mill vapor barrier, treat all areas of active fungus with an approved fungicide, and reinstall insulation except at the rim joist.

The Burches were not satisfied with this offer. After both parties stipulated to waive mediation, the Burches filed a complaint for damages with the district court, alleging breach of express and implied warranties, negligence, and fraud and misrepresentation. Double Diamond filed a motion for a stay and a motion to compel arbitration, arguing that the HBW provided for final and binding arbitration of all disputes relating to the construction of the Burch home. The district court found the HBW valid and granted the motion to compel arbitration. The Burches now request that this court issue a writ of mandamus directing the district court to vacate its order compelling the Burches to arbitrate their claims against Double Diamond.

## DISCUSSION

Because an order compelling arbitration is not directly appealable, the Burches appropriately seek writ relief from this court.[2] When there is no plain, speedy, and adequate remedy at law, a writ of mandamus is available to compel the district court to perform a required act, or to control an arbitrary or capricious abuse of discretion.[3] Under the circumstances of this case, the HBW is an unconscionable adhesion contract and, therefore, unenforce-

---

[1] 9 U.S.C. §§ 1-16 (2000).

[2] *See* NRS 38.205 (no direct appeal from order *granting* motion to compel arbitration); NRS 34.170 (writ to issue when no plain, speedy, and adequate remedy in law exists); *Kindred v. Dist. Ct.*, 116 Nev. 405, 409, 996 P.2d 903, 906 (2000) (recognizing that mandamus is an appropriate method to challenge an order compelling arbitration).

[3] *See* NRS 34.160; NRS 34.170; *see also Round Hill Gen. Imp. Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981).

able. The district court should not have compelled arbitration under the unenforceable clause. Accordingly, we grant the petition for a writ of mandamus.

This court has defined an adhesion contract as "a standardized contract form offered to consumers . . . on a 'take it or leave it' basis, without affording the consumer a realistic opportunity to bargain."[4] "The distinctive feature of an adhesion contract is that the weaker party has no choice as to its terms."[5] Here, the one-page "application" and the HBW were pre-printed, standardized contract forms. The Burches, the weaker party, were not given an opportunity to negotiate the HBW's terms with Double Diamond or its insurer, National Home Insurance Company (NHIC); they were required to "take it or leave it." Therefore, the HBW agreement between the Burches and Double Diamond is an adhesion contract. This court permits the enforcement of adhesion contracts where there is "plain and clear notification of the terms and an understanding consent[,]"[6] and "if it falls within the reasonable expectations of the weaker . . . party."[7] This court need not, however, enforce a contract, or any clause of a contract, including an arbitration clause,[8] that is unconscionable.[9]

Although the FAA establishes a strong public policy favoring arbitration for the purpose of avoiding the unnecessary expense and delay of litigation where parties have agreed to arbitrate,[10] it does not mandate the enforcement of an unconscionable contract or arbitration clause.[11] The United States Supreme Court has interpreted § 2 of the FAA and held that "[s]tates may regulate

---

[4]*Obstetrics and Gynecologists v. Pepper*, 101 Nev. 105, 107, 693 P.2d 1259, 1260 (1985).

[5]*Id.*

[6]*Id.* at 108, 693 P.2d at 1261.

[7]*See id.* at 107-08, 693 P.2d at 1261; *see also Bernstein v. GTE Directories Corp.*, 827 F.2d 480, 482 (9th Cir. 1987) (applying Nevada law).

[8]*See* NRS 38.035 ("A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, *save upon such grounds as exist at law or in equity for the revocation of any contract.*" (emphasis added)).

[9]*See* NRS 104.2302(1) (court may refuse to enforce an unconscionable contract).

[10]*See Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 270-71 (1995).

[11]*See Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 687 (1996) (holding that generally applicable contract defenses, such as unconscionability, may be used to invalidate an arbitration clause).

contracts, including arbitration clauses, under general contract law principles and they may invalidate an arbitration clause 'upon such grounds as exist at law or in equity for the revocation of *any* contract.' '"[12] Unconscionability, therefore, is a legitimate ground upon which to refuse to enforce the HBW and its arbitration clause.[13]

Generally, both procedural and substantive unconscionability must be present in order for a court to exercise its discretion to refuse to enforce a contract or clause as unconscionable.[14] The circumstances present in this case significantly render the HBW procedurally unconscionable. The Burches did not receive a copy of the HBW's terms until after Double Diamond had paid the premium to enroll the Burch home in the warranty program and almost four months after they closed escrow on their home. Double Diamond told the Burches that the HBW's issuance was "automatic" and offered extra protection for their home, when in fact the warranty limited their protection under Nevada law.[15] The Burches did not have an opportunity to read the one-page "application" form, or the thirty-one-page HBW booklet, or to view the HBW video before signing the "application." The arbitration clause was located on page six of the HBW booklet, after five pages of material only relevant to persons residing outside of Nevada. The Burches were not sophisticated consumers, they did not understand the HBW's terms, and the HBW's disclaimers were not conspicuous.[16] Under these circumstances, the Burches did not have a meaningful opportunity to decide if they wanted to

---

[12]*Allied-Bruce Terminix*, 513 U.S. at 281 (quoting 9 U.S.C. § 2 (emphasis added)); *see also Doctor's Associates*, 517 U.S. at 687.

[13]*See Doctor's Associates*, 517 U.S. at 687.

[14]*See, e.g., First Family Financial Services, Inc. v. Fairley*, 173 F. Supp. 2d 565, 569-71 (S.D. Miss. 2001); *Data Based Systems, Intern., Inc. v. Hewlett-Packard Co.*, No. CIV. 00-CV-4425, 2001 WL 1251212, at *10 (E.D. Pa. Sept. 26, 2001); *Thomas Engineering, Inc. v. Trane Co.*, No. 92 C 1251, 1994 WL 692698, at *2-3 (N.D. Ill. Dec. 1, 1994); *Armendariz v. Foundation Health Psychcare*, 6 P.3d 669, 690 (Cal. 2000); *Villa Milano Homeowners Ass'n v. Il Davorge*, 102 Cal. Rptr. 2d 1, 6-7 (Ct. App. 2000); *Complete Interiors, Inc. v. Behan*, 558 So. 2d 48, 52 (Fla. Dist. Ct. App. 1990); *M.A. Mortenson Co. v. Timberline Software*, 998 P.2d 305, 314-15 (Wash. 2000).

[15]*Cf. Sierra Diesel Injection Service v. Burroughs Corp.*, 890 F.2d 108, 113 (9th Cir. 1989) ("[E]xclusions of warranties are generally disfavored . . . . They are subject to the general obligation of good faith and of not imposing unconscionable terms upon a party.").

[16]*See* NRS 104.1201(10) ("Whether a term or clause is 'conspicuous' or not is for decision by the court."); *see also Sierra Diesel*, 890 F.2d at 115 (explaining that even the use of capital letters in disclaimers will not be "effective in all cases").

agree to the HBW's terms, including its arbitration provision. As a result, the HBW was procedurally unconscionable.

Because the procedural unconscionability in this case is so great, less evidence of substantive unconscionability is required to establish unconscionability.[17] The HBW's arbitration clause is also substantively unconscionable because it grants Double Diamond's insurer, NHIC, the unilateral and exclusive right to decide the rules that govern the arbitration and to select the arbitrators. These provisions are "oppressive terms,"[18] and as such, are substantively unconscionable and unenforceable. We do not hold that a homebuyer warranty with an arbitration clause will always be unconscionable or unenforceable. Under the circumstances in this case, however, the HBW and its arbitration clause *are* unconscionable and, therefore, unenforceable.

We, therefore, grant the petition and direct the clerk of this court to issue a writ of mandamus directing the district court to vacate its order compelling arbitration.[19]

---

[17]*See Armendariz*, 6 P.3d at 690.

[18]*24 Hour Fitness, Inc. v. Superior Court*, 78 Cal. Rptr. 2d 533, 541 (Ct. App. 1998).

[19]*See* NRS 34.160; *see also Round Hill*, 97 Nev. at 603-04, 637 P.2d at 536.