# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| GREYSTONE NEVADA, LLC, A DELAWARE CORPORATION, Appellant, vs. OLIVER M. MCCOY, JR., INDIVIDUALLY; SEAN AND FELICIA DELAPA, INDIVIDUALLY; JOHN B. DAVIS, INDIVIDUALLY; NEHAMA KRAMS, INDIVIDUALLY; GABRIELA DIETZ, INDIVIDUALLY; ERIK ELDER, INDIVIDUALLY; TOMER HAZUT, INDIVIDUALLY; KIM NICKELL, INDIVIDUALLY; EDO PELLACH, INDIVIDUALLY; AND YUVADEE PHUMPACHART, INDIVIDUALLY, Respondents. | No. 68769 <br> **FILED** <br> APR 12 2018 <br>  |

## ORDER OF REVERSAL AND REMAND

Appeal from a district court order denying a motion to compel arbitration. Eighth Judicial District Court, Clark County; Susan Johnson, Judge.

Respondents are homeowners in a common-interest community developed by appellant Greystone Nevada, LLC. The homeowners sued Greystone for construction defects related to their homes. Greystone then moved to compel arbitration pursuant to an arbitration agreement contained in the parties' Covenants, Conditions, and Restrictions (CC&Rs). The district court denied the motion, finding that the arbitration agreement was unconscionable under Nevada law and this appeal followed.

On appeal, Greystone contends that the arbitration agreement is valid and enforceable against the homeowners; that it is governed by the

SUPREME COURT
OF
NEVADA

(O) 1947A

18 - 14047

Federal Arbitration Act (FAA); and that, under the FAA, the agreement is not unconscionable and must be enforced. The homeowners respond that the arbitration agreement is not binding as to them and, even if it is binding, the FAA does not apply. The homeowners further argue that regardless of whether the agreement is governed by the FAA or Nevada law, it is unconscionable and therefore unenforceable. This court recently considered these issues in *U.S. Home Corp. v. The Michael Ballesteros Trust*, 134 Nev., Adv. Op. ___ (2018), and resolved them contrary to the homeowners' position.

In *U.S. Home* we first addressed whether an arbitration agreement contained in a common-interest communities' CC&Rs was enforceable against the homeowners. *Id.* at ___. We held that that such an agreement was enforceable because CC&Rs can "impose contractual obligations to which a homeowner assents when purchasing a [home in the community]". *Id.* at ___ (citing *Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev., LLC*, 282 P.3d 1217 (Cal. 2012)). In accord with *U.S. Home*, therefore, we conclude that the CC&R arbitration agreement at issue in this case can create a contractual obligation on the homeowners to participate in arbitration, so long as it is otherwise enforceable. *Id.* at ___. ("[A]rbitration agreements contained in CC&Rs can be valid and enforceable against homeowners as contractual obligations.").

*U.S. Home* next addressed whether the arbitration agreement contained in the CC&Rs was governed by the FAA, or whether it was governed by Nevada law. *Id.* at ___. We recognized that, in order for the FAA to apply, the transaction underlying the arbitration agreement must involve interstate commerce. *Id.* at ___; *see also Allied-Bruce Terminex Cos., Inc. v. Dobson*, 513 U.S. 265, 268 (1995). To that end, the United States

Supreme Court has held that the FAA was intended to "signal the broadest permissible exercise of Congress' Commerce Clause power," *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003), so long as there is evidence that interstate commerce was involved in the transaction underlying the arbitration agreement. *See Allied-Bruce Terminex*, 513 U.S. at 281; *see also U.S. Home*, 134 Nev., Adv. Op. ___. In this case, similar to what occurred in *U.S. Home*, Greystone provided evidence to the district court demonstrating that out-of-state contractors and materials were used in the construction of the homes at issue. Such evidence is enough to demonstrate that the transaction underlying the arbitration agreement—the purchase of a home—involved interstate commerce. *U.S. Home*, 134 Nev., Adv. Op. ___. Because interstate commerce is involved, the FAA governs the CC&R arbitration agreement in this case. *See id.* at ___ (concluding that the FAA governs the arbitration agreement contained in the CC&Rs because there was evidence that the building of the homes required the use of out-of-state contractors and materials).

When the FAA governs an arbitration agreement, we must presume the agreement is enforceable, except upon "grounds [that] exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. To that end, the FAA preempts any state laws that outright prohibit arbitration agreements as well as laws that, although they appear to be generally applicable, "have been applied in a fashion that disfavors arbitration." *Id.* at ___ (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 341 (2011)). Applying this rule in *U.S. Home*, at ___, we concluded that Nevada caselaw requiring arbitration agreements to be conspicuous, *D.R. Horton, Inc. v. Green*, 120 Nev. 549, 557, 96 P.3d 1159, 1164 (2004) (holding that, "to be enforceable, an arbitration clause must at least be conspicuous"), was

preempted because it specifically disfavored arbitration agreements and therefore did not exist "for the revocation of any contract." 9 U.S.C. § 2. We further concluded that our caselaw deeming contracts unconscionable if they did not properly notify the parties that rights provided by other laws would be abrograted was preempted by the FAA because, in practice, that law disfavored arbitration agreements. *U.S. Home*, 134 Nev., Adv. Op. ___; *Gonski v. Second Judicial Dist. Court*, 126 Nev. 551, 559, 245 P.3d 1164, 1170 (2010) (invalidating an arbitration agreement in part because it failed to notify the parties "that they were agreeing to forego important rights under Nevada law").

The homeowners in this case raise challenges to the CC&R arbitration agreement based on a lack of conspicuousness and because they were unaware that they were foregoing other rights under the law and argue that this demonstrates procedural unconscionability. As stated above, however, we have already concluded that these laws are preempted when the FAA governs the arbitration agreement. As such, these arguments fail. And, without having demonstrated procedural unconscionability, we need not address the homeowners' arguments regarding substantive unconscionability because both are required to render an arbitration agreement unconscionable. *See Burch v. Second Judicial Dist. Court*, 118 Nev. 438, 443, 49 P.3d 647, 650 (2002) ("Generally, both procedural and substantive unconscionability must be present in order for a court to exercise its discretion to refuse to enforce a contract or clause as unconscionable.").

In sum, under *U.S. Home*, the CC&R arbitration agreement is binding on all of the homeowners, is governed by the FAA, and is not unconscionable. Therefore, the district court erred when it denied

Greystone's motion to compel arbitration. Accordingly, we reverse the district court's order and remand to the district court for it to enter an order directing the parties to arbitration pursuant to the CC&Rs.[1]

It is so ORDERED.



_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

---

[1]Based on this conclusion, we need not address the arbitration agreement contained in the purchase sale agreements entered into by some of the homeowners. We also decline to address the homeowners' argument, raised for the first time on appeal, that Greystone was not a declarant to the CC&Rs and therefore lacked the ability to compel arbitration based on the CC&Rs. *See Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 75-76 (2010) (refusing to review an issue that was not first raised in the district court); *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (deeming waived any issue that was not raised before the district court).

cc: Hon. Susan Johnson, District Judge
Stephen E. Haberfeld, Settlement Judge
Payne & Fears LLP
Shinnick, Ryan & Ransavage P.C.
Wood, Smith, Henning & Berman, LLP/Las Vegas
Canepa Riedy Abele
Eighth District Court Clerk