# IN THE SUPREME COURT OF THE STATE OF NEVADA

U.S. HOME CORPORATION, A
DELAWARE CORPORATION; AND
GREYSTONE NEVADA, LLC, A
DELAWARE CORPORATION,
Appellants,
vs.
LA HARRIS, INDIVIDUALLY;
BARBARA HARRIS, INDIVIDUALLY;
LORIN BRONSTON, INDIVIDUALLY;
SHANNON BRONSTON,
INDIVIDUALLY; CORY CAHOON,
INDIVIDUALLY; BRANDY CAHOON,
INDIVIDUALLY; BRENAN A.
FRANCISCO, INDIVIDUALLY; GINA
HERNANDEZ-FRANCISCO,
INDIVIDUALLY; TRACY GOODE,
INDIVIDUALLY; SHADRA SHOWERS-
GOODE, INDIVIDUALLY; ROY
HARRIS, INDIVIDUALLY; TEREASA
HARRIS, INDIVIDUALLY; RICKY L.
HONAKER, INDIVIDUALLY; NORM
HOSKING, INDIVIDUALLY; NGUYEN
JENSEN, INDIVIDUALLY; TIMOTHY
D. KLINE, INDIVIDUALLY; RONNIE
LEE, INDIVIDUALLY; PATRICIA LEE,
INDIVIDUALLY; WAYNE J. MORRIS,
INDIVIDUALLY; CATHERINE P.
MORRIS, INDIVIDUALLY; HELEN A.
NELSON, INDIVIDUALLY; STEVEN R.
NOVAK, INDIVIDUALLY; DONNA M.
NOVAK, INDIVIDUALLY; KARL
REINARZ, INDIVIDUALLY; ROBIN
REINARZ, INDIVIDUALLY; ROBERT
C. ROBBINS, JR., INDIVIDUALLY;
SANDIE I. ROBBINS, INDIVIDUALLY;
ROMIRO SANDOVAL, INDIVIDUALLY;
NORMA L. ALEMAN SANDOVAL,

No. 68025



FILED

MAY 24 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

SUPREME COURT
OF
NEVADA

(O) 1947A

18-20018

INDIVIDUALLY; IAN A. SCHWANITZ, INDIVIDUALLY; JAMES TAIT, INDIVIDUALLY; CHRISTINE TAIT, INDIVIDUALLY; STEVEN V. VALENZUELA, INDIVIDUALLY; MARY L. VALENZUELA, INDIVIDUALLY; KRIS NIGHTINGALE, INDIVIDUALLY; HENIS J. WILLIAMS, INDIVIDUALLY; BONNIE B. WILLIAMS, INDIVIDUALLY; THOMAS F. DUJMOVIC, INDIVIDUALLY; CAESAR J. GERRARD, INDIVIDUALLY; JAN D. KOLB, INDIVIDUALLY; JEAN A. KOLB, INDIVIDUALLY; CONRAD PEEL, INDIVIDUALLY; HIPOLITO B. RODRIGUEZ, INDIVIDUALLY; ANGELINA R. RODRIGUEZ, INDIVIDUALLY; DANIEL J. WOLFE, INDIVIDUALLY; SASHY M. WOLFE, INDIVIDUALLY; HARLEY MORGAN, INDIVIDUALLY; BARBARA HOYT, INDIVIDUALLY; ALBERTO PASCUAL, INDIVIDUALLY; AND LUZONICA PASCUAL, INDIVIDUALLY,
Respondents.

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order denying a motion to compel arbitration. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge.

Respondents are homeowners in a community developed by appellants U.S. Home Corporation and Greystone Nevada, LLC. The homeowners sued appellants for construction defects related to their homes. Appellants then moved to compel arbitration with respect to 14 homeowners or sets of homeowners pursuant to an arbitration agreement contained in

the homeowners' purchase agreements.[1] The district court denied the motion, finding that the arbitration agreement was unconscionable under Nevada law. This appeal followed.

On appeal, appellants contend that the arbitration agreement is valid and enforceable against the homeowners; that it is governed by the Federal Arbitration Act (FAA); and that, under the FAA, the agreement must be enforced. The homeowners initially argue that appellants waived their right to enforce the arbitration agreement. We disagree. *See Nev. Gold & Casinos, Inc. v. Am. Heritage, Inc.*, 121 Nev. 84, 89, 110 P.3d 481, 484 (2005) (recognizing that although waiver is generally a question of fact, "when the determination rests on the legal implications of essentially uncontested facts, then it may be determined as a matter of law"). In particular, appellants did not act inconsistently with their right to arbitrate simply by demanding that the homeowners engage in various pre-litigation procedures under NRS Chapter 40, nor did they do so by participating in discovery *after* they moved to compel arbitration. *See Nev. Gold & Casinos, Inc.*, 121 Nev. at 90, 110 P.3d at 484 ("[W]aiver may be shown when the party seeking to arbitrate (1) knew of [its] right to arbitrate, (2) acted inconsistently with that right, and (3) prejudiced the other party by [its] inconsistent acts.").

Failing waiver, the homeowners argue that the FAA does not apply to the arbitration agreement. The homeowners further argue that regardless of whether the agreement is governed by the FAA or Nevada law,

---

[1]One set of homeowners signed a standalone arbitration agreement separate from their purchase agreement. Because our analysis with respect to the arbitration provision in the purchase agreement applies equally to the standalone arbitration agreement, this disposition's references to "arbitration agreement" includes the standalone arbitration agreement.

it is unconscionable and therefore unenforceable. This court recently considered these issues in *U.S. Home Corp. v. The Michael Ballesteros Trust*, 134 Nev., Adv. Op. 25, 415 P.3d 32 (2018).

In *U.S. Home*, we addressed whether an arbitration agreement between homeowners and a developer was governed by the FAA or by Nevada law. *Id.* at 34-35. We recognized that, by its terms, the FAA applies to an arbitration provision contained in "a contract evidencing a transaction involving [interstate] commerce." *Id.* at 38 (citing 9 U.S.C. §2); *see also Allied-Bruce Terminex Cos., Inc. v. Dobson*, 513 U.S. 265, 268 (1995). The United States Supreme Court has interpreted this language to "signal the broadest permissible exercise of the Congress' Commerce Clause power," *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003), so long as there is evidence that interstate commerce was involved in the transaction underlying the arbitration agreement. *See Allied-Bruce Terminex*, 513 U.S. at 281; *see also U.S. Home*, 134 Nev., Adv. Op. 25, 415 P.3d at 39. Here, similar to *U.S. Home*, the homeowners do not meaningfully dispute that out-of-state contractors and materials were used in the construction of the homes at issue.[2] Accordingly, the transaction underlying the arbitration—the construction for sale and purchase of homes in a common-interest community—involved interstate commerce, which was expressly contemplated in the arbitration agreement itself. *U.S. Home*, 134 Nev., Adv. Op. 25, 415 P.3d at 39 (concluding that the FAA governs the arbitration agreement because the building of the homes required the use of out-of-state contractors and materials).

---

[2]For example, the homeowners do not dispute that third-party defendant Sacramento Insulation Contractors was an out-of-state contractor.

When the FAA governs an arbitration agreement, we must presume the agreement is enforceable, except upon "grounds [that] exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. To that end, the FAA preempts any state laws that outright prohibit arbitration agreements as well as laws that, although they appear to be generally applicable, "'have been applied in a fashion that disfavors arbitration.'" *U.S. Home*, 134 Nev., Adv. Op. 25, ___ P.3d at ___ (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 341 (2011)). Applying this rule in *U.S. Home*, 134 Nev. Adv. Op. at ___, 415 P.3d at 42, we concluded that Nevada case law requiring arbitration agreements to be conspicuous, *D.R. Horton, Inc. v. Green*, 120 Nev. 549, 557, 96 P.3d 1159, 1164 (2004) (holding that, "to be enforceable, an arbitration clause must at least be conspicuous"), was preempted because it specifically disfavored arbitration agreements and therefore did not exist "for the revocation of any contract." 9 U.S.C. § 2. We further concluded that, to the extent our case law deemed contracts procedurally unconscionable because they shortened timelines or traded certain procedural protections litigation affords for more streamlined arbitration procedures, such case law, too, was preempted by the FAA because it disfavored arbitration. *U.S. Home*, 134 Nev., Adv. Op. 25, 415 P.3d at 42.

The homeowners in this case raise challenges to the arbitration agreement based on a lack of conspicuousness and because, in their view, the provisions respecting costs and attorney fees abridged the homeowners' rights under Chapter 40 without adequate notice, establishing procedural unconscionability. As stated above, however, we have already concluded that, to the extent our case law required arbitration provisions to be "conspicuous" or traded litigation protections for more streamlined arbitration procedures, these laws are preempted when the FAA governs

SUPREME COURT
OF
NEVADA

(O) 1947A

5

the arbitration agreement. As such, these arguments fail. And, without having demonstrated procedural unconscionability, we need not address the homeowners' arguments regarding substantive unconscionability because both are required to render an arbitration agreement unconscionable.[3] *See Burch v. Second Judicial Dist. Court*, 118 Nev. 438, 443, 49 P.3d 647, 650 (2002) ("Generally, both procedural and substantive unconscionability must be present in order for a court to exercise its discretion to refuse to enforce a contract or clause as unconscionable.").

In sum, appellants did not waive their right to arbitrate, and under *U.S. Home*, the arbitration agreement is governed by the FAA and is not unconscionable. Therefore, the district court erred when it denied appellants' motion to compel arbitration. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, C.J.
Douglas

_____, J.          _____, J.
Cherry                                 Gibbons

_____, J.          _____, J.
Pickering                              Hardesty

_____, J.          _____, J.
Parraguirre                            Stiglich

---

[3]Nevertheless, we note that during oral argument, appellants' counsel represented to this court that appellants would not seek a construction of the arbitration agreement during the arbitration that deprived the homeowners of their statutory right to attorney fees as prevailing parties. We expect appellants to stand by this representation should the situation arise.



cc:    Hon. Timothy C. Williams, District Judge
Stephen E. Haberfeld, Settlement Judge
Payne & Fears LLP
Shinnick, Ryan & Ransavage P.C.
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A