# IN THE SUPREME COURT OF THE STATE OF NEVADA

U.S. HOME CORPORATION, A DELAWARE CORPORATION,
Appellant,
vs.
ABRAHIM ABOUKHALIL, INDIVIDUALLY; JOSE DAVID ARGUELLO, INDIVIDUALLY; KATIE ARGUELLO, INDIVIDUALLY; MELISSA CATANZANO-WRIGHT, INDIVIDUALLY; JIMMY DEAN COX, INDIVIDUALLY; MARVIN GUERRA, INDIVIDUALLY; MARIA GUEVARA, INDIVIDUALLY; REBECCA HILL, INDIVIDUALLY; DWAYNE JACKSON, INDIVIDUALLY; DOMINGO LEAL, INDIVIDUALLY; MARIA LEAL, INDIVIDUALLY; EDGAR DONALDO MURCIA, INDIVIDUALLY; CLARA MURCIA, INDIVIDUALLY; CALVIN PETERSON, INDIVIDUALLY; TONNI THOMAS, INDIVIDUALLY; HECTOR SALAS, INDIVIDUALLY; RAYMOND F. SCHRICHTE, INDIVIDUALLY; PHILLIP N. SMITH, JR., INDIVIDUALLY; AND WILLIAM F. WEEMS, INDIVIDUALLY,
Respondents.

No. 68637



FILED

JUL 1 8 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order denying a motion to compel arbitration. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge.

 

18-27432

Respondents are homeowners in a community developed by appellant U.S. Home Corporation (developer). Homeowners sued developer for construction defects related to their homes. Developer moved to compel arbitration pursuant to an arbitration agreement contained in the homeowners' purchase and sales agreements.[1] The district court denied the motion, finding that the Federal Arbitration Act (FAA) did not apply to the arbitration agreements, and that the agreements were unconscionable under Nevada law. This appeal followed.

On appeal, developer argues that an arbitrator, rather than this court, should determine the arbitrability issues in this case;[2] that the arbitration agreement is valid and enforceable against the homeowners; that the agreement is governed by the FAA; and that, under the FAA, the agreement must be enforced. The homeowners argue that the FAA does not apply to the arbitration agreement and that regardless of whether the agreement is governed by the FAA or Nevada law, it is unconscionable and therefore unenforceable. This court recently considered these issues in U.S.

---

[1] The homeowners argue that one of the named parties, Raymond Schrichte, did not execute a purchase and sales agreement, and therefore Schrichte cannot be compelled to arbitration. However, they did not raise this argument in the district court and, regardless, the record contains Schrichte's affidavit where he indicates that he did sign an agreement containing an arbitration clause.

[2] We decline to consider whether an arbitrator must decide the enforceability of the arbitration agreement, because developer waived the argument by failing to raise it in the district court. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal.").

*Home Corp. v. Michael Ballesteros Trust*, 134 Nev., Adv. Op. 25, 415 P.3d 32 (2018).

In *U.S. Home*, we addressed whether an arbitration agreement between homeowners and a developer was governed by the FAA or by Nevada law. *Id.*, 415 P.3d at 34-35. We recognized that in order for the FAA to apply, the transaction underlying the arbitration agreement must involve interstate commerce. *Id.* at 38; *see also Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 268 (1995). To that end, the United States Supreme Court has held that the FAA's breadth was intended to "signal the broadest permissible exercise of Congress' Commerce Clause power," *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003), so long as there is evidence that interstate commerce was involved in the transaction underlying the arbitration agreement. *See Allied-Bruce Terminix*, 513 U.S. at 281-82 (holding that there was evidence of a transaction involving interstate commerce where there were multi-state parties and "the termite-treating and house-repairing materials used by [the petitioner]" came from out of state); *see also U.S. Home*, 134 Nev., Adv. Op. 25, 415 P.3d at 39 (determining that interstate commerce was involved where the underlying construction and sale of multiple homes required use of out-of-state supplies and contractors). Here, similar to *U.S. Home*, the homeowners do not meaningfully dispute that out-of-state contractors and materials were used in the construction of the homes at issue. Accordingly, the transaction underlying the arbitration—the purchase of a home constructed by developer—involved interstate commerce, which was expressly contemplated in the arbitration agreement itself. *See U.S. Home*, 134 Nev., Adv. Op. 25, 415 P.3d at 39 (determining that the FAA governs the

arbitration agreement because the building of the homes required the use of out-of-state contractors and materials).

When the FAA governs an arbitration agreement, we must presume the agreement is enforceable, except upon "grounds [that] exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (2012). To that end, the FAA preempts any state laws that outright prohibit arbitration agreements as well as laws that, although appear to be generally applicable, "have been applied in a fashion that disfavors arbitration." *U.S. Home*, 134 Nev., Adv. Op. 25, 415 P.3d at 40 (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 341 (2011)). Applying this rule, arbitration agreements are not required to be conspicuous in cases where the FAA is controlling because that rule specifically disfavors arbitration agreements and does not exist "for the revocation of any contract," 9 U.S.C. § 2, and is therefore preempted. *U.S. Home*, 134 Nev. Adv. Op. at ___, 415 P.3d at 42 (overruling the holding in *D.R. Horton, Inc. v. Green*, that "to be enforceable, an arbitration clause must at least be conspicuous," 120 Nev. 549, 557, 96 P.3d 1159, 1164 (2004), on the basis that it disfavors arbitration agreements). Similarly, where the FAA is controlling, contracts that do not properly notify the parties that rights provided by other laws would be abrogated are not necessarily deemed unconscionable. *U.S. Home*, 134 Nev., Adv. Op. 25, 415 P.3d at 42 (overruling the holding in *Gonski v. Second Judicial District Court*, that invalidated an arbitration agreement in part because it failed to notify the parties "that they were agreeing to forego important rights under Nevada law," 126 Nev. 551, 560, 245 P.3d 1164, 1170 (2010), because, in practice, that law disfavored arbitration agreements and was preempted).

SUPREME COURT
OF
NEVADA

(O) 1947A

The homeowners in this case argue that the arbitration agreement's lack of conspicuousness and their unawareness that they were foregoing other rights under the law demonstrate procedural unconscionability. As stated above, however, we have already concluded that those laws are preempted when the FAA governs the arbitration agreement. As such, these arguments fail. And without having demonstrated procedural unconscionability, we need not address the homeowners' arguments regarding substantive unconscionability because both are required to render an arbitration agreement unconscionable. *See Burch v. Second Judicial Dist. Court*, 118 Nev. 438, 443, 49 P.3d 647, 650 (2002) ("Generally, both procedural and substantive unconscionability must be present in order for a court to exercise its discretion to refuse to enforce a contract or clause as unconscionable.").

In conclusion, developer did not waive its right to arbitrate; the arbitration agreement is governed by the FAA because the underlying transaction involved interstate commerce; and the arbitration agreement is not unconscionable on the grounds argued by the homeowners. Therefore, the district court erred when it denied developer's motion to compel arbitration. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_Douglas_, C.J.
Douglas

_Cherry_, J.
Cherry

_Gibbons_, J.
Gibbons

_Pickering_, J.
Pickering

_Hardesty_, J.
Hardesty

_Parraguirre_, J.
Parraguirre

_Stiglich_, J.
Stiglich

cc:　Hon. Timothy C. Williams, District Judge
　　Stephen E. Haberfeld, Settlement Judge
　　Payne & Fears LLP
　　Shinnick, Ryan & Ransavage P.C.
　　Eighth District Court Clerk