# IN THE SUPREME COURT OF THE STATE OF NEVADA

GREYSTONE NEVADA, LLC, A DELAWARE CORPORATION; AND U.S. HOME CORPORATION, A DELAWARE CORPORATION,
Appellants,
vs.
PHUC LE HUYNH, INDIVIDUALLY; MAI HUYNH, INDIVIDUALLY; CECIL MOORE, JR., INDIVIDUALLY; CHRISTINA NARDACCI, INDIVIDUALLY; ALFONSO RAMIREZ, INDIVIDUALLY; AND JEANETTE WILSON, INDIVIDUALLY,
Respondents.

No. 68716

FILED

NOV 2 8 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order denying a motion to compel arbitration. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge.

The underlying construction defect action concerns fourteen single-family homes located in North Las Vegas. Appellants U.S. Home Corporation and Greystone Nevada developed the homes. Respondents entered into purchase and sale agreements (PSAs) with appellants and are owners of five of the single-family homes. Four respondents, Phuc Le Huynh and Mai Huynh, Cecil Moore, Jr., and Christina Nardacci, signed stand-alone arbitration agreements with Greystone. Each of the agreements specified that each party shall bear its own attorney fees. The other two respondents, Alfonso Ramirez and Jeanette Wilson, signed PSAs with U.S. Home containing arbitration provisions that require claims be arbitrated pursuant to the Federal Arbitration Act (FAA). The U.S. Home

18-906069

agreements further specified that unless recoverable by law, each party is equally responsible for mediation and arbitration expenses.

Between 2012 and 2013, appellants received construction defect pre-litigation notices from respondents. Respondents then filed an NRS Chapter 40 construction defect complaint against appellants in state court seeking damages for breach of contract, breach of express warranties, breach of implied warranties, breach of implied warranty of habitability, and negligence. Appellants filed a notice of removal and the case was removed to federal district court, where appellants filed a motion to dismiss and a motion to compel arbitration against respondents based on the arbitration agreements. The federal district court remanded the proceedings back to state court and declined ruling on appellants' motions.

Appellants refiled their motion to compel arbitration in state court. The district court denied the motion. Without considering whether the FAA applied, the district court found that the arbitration agreements were unconscionable under Nevada law. This appeal followed.

On appeal, appellants argue that the FAA governs the arbitration agreements, and that under the FAA, the agreements must be enforced against respondents. In addition, appellants contend that the district court erred by concluding that the agreements were unconscionable. We concur with appellants.

"Orders compelling [or denying] arbitration typically involve mixed questions of law and fact, which this court reviews under different standards." *Gonski v. Second Judicial Dist. Court*, 126 Nev. 551, 557, 245 P.3d 1164, 1168 (2010), *overruled on other grounds by U.S. Home Corp. v. Michael Ballesteros Tr.*, 134 Nev., Adv. Op 25, 415 P.3d 32, 41-42 (2018).

"The district court's factual findings are given deference, but questions purely of law are reviewed de novo." *Id.*

This court recently addressed whether the FAA or Nevada law governed an arbitration agreement between homeowners and a developer. *See U.S. Home Corp. v. Michael Ballesteros Tr.*, 134 Nev., Adv. Op. 25, 415 P.3d 32 (2018). We recognized that in order for the FAA to apply, the transaction underlying the arbitration agreement must involve interstate commerce. *Id.* at 38; *see also Allied-Bruce Terminex Cos., Inc. v. Dobson*, 513 U.S. 265, 268 (1995). The United States Supreme Court has held that the FAA was intended to "signal the broadest permissible exercise of Congress' Commerce Clause power," *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003), so long as there is evidence that interstate commerce was involved in the transaction underlying the arbitration agreement. *See Allied-Bruce Terminex*, 513 U.S. at 281; *see also U.S. Home*, 134 Nev., Adv. Op. 25, 415 P.3d at 39. In *U.S. Home*, this court concluded that the construction defect dispute between homeowners and a developer involved interstate commerce because the underlying transaction was for "the construction and sale of multiple homes by out-of-state contractors using out-of-state supplies and suppliers." 134 Nev., Adv. Op. 25, 415 P.3d at 39.

Here, the homes were developed by U.S. Home and Greystone, both Delaware corporations. While appellants did not provide specific evidence that out-of-state materials were used, such a conclusion is likely, which would implicate interstate commerce. *See Wise v. Tidal Constr. Co., Inc.*, 583 S.E.2d 466, 469 (Ga. Ct. App. 2003) ("Home construction generally involves interstate commerce, because most building materials pass in interstate commerce."); *see also Episcopal Hous. Corp. v. Fed. Ins. Co.*, 239 S.E.2d 647, 652 (S.C. 1977) ("It would be virtually impossible to construct

Supreme Court
OF
Nevada

(O) 1947A

3

an eighteen (18) story apartment building between 1971 and 1973 with materials, equipment and supplies all produced and manufactured solely within the State of South Carolina."). Thus, where the arbitration agreements contained in PSAs evidence a transaction—development of homes by out-of-state developers and the sale of homes using out-of-state materials and supplies—that affects interstate commerce, the FAA controls. *U.S. Home*, 134 Nev., Adv. Op. 25, 415 P.3d at 39. Accordingly, appellants' construction of the homes purchased by respondents sufficiently involves interstate commerce, and thus the FAA applies.

Furthermore, the U.S. Home PSAs contained provisions that specifically designated the FAA as the choice of law governing arbitration. "Nevada tends to follow the Restatement (Second) of Conflict of Laws (1971) in determining choice-of-law questions involving contracts . . . ." *Progressive Gulf Ins. Co. v. Faehnrich*, 130 Nev. 167, 171, 327 P.3d 1061, 1063 (2014). "So long as 'the parties acted in good faith and not to evade the law of the real situs of the contract,' Nevada's choice-of-law principles permit parties 'within broad limits to choose the law that will determine the validity and effect of their contract.'" *Id.* at 171, 327 P.3d at 1064 (quoting *Ferdie Sievers & Lake Tahoe Land Co. v. Diversified Mortg. Inv'rs*, 95 Nev. 811, 815, 603 P.2d 270, 273 (1979)). Accordingly, parties may choose the FAA to govern in arbitration agreements. *See Tallman v. Eighth Judicial Dist. Court*, 131 Nev. 713, 725-26, 359 P.3d 113, 121-22 (2015) (providing that the FAA governed an arbitration agreement because the agreement stipulate so). Thus, as is the case here, where diversely domiciled parties chose in good faith the FAA to govern over arbitration matters concerning the home construction and sale, the FAA so governs.

When the FAA governs an arbitration agreement, we must presume the agreement is enforceable, except upon "grounds [that] exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (2012). To that end, the FAA "preempts state laws that single out and disfavor arbitration." *U.S. Home*, 134 Nev., Adv. Op. 25, 415 P.3d at 40 (citing *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 341 (2011)). Referred to as the savings clause, § 2 "preserves generally applicable contract defenses," which include fraud, duress, and unconscionability, but "nothing in [§ 2] suggests an intent to preserve state-law rules that stand as an obstacle to the accomplishment of the FAA's objectives." *Concepcion*, 563 U.S. at 343. Thus, where federal law controls an arbitration agreement, a state may not interpret general contract principles in a manner that disfavors the arbitration provisions or places the arbitration provisions on a different footing than the rest of the general contract. *See U.S. Home*, 134 Nev., Adv. Op. 25, 415 P.3d at 40; *see also Concepcion*, 563 U.S. at 339 (providing, "courts must place arbitration agreements on an equal footing with other contracts.").

Respondents argue that the arbitration agreements are unenforceable due to both procedural and substantive unconscionability. *Burch v. Second Judicial Dist. Court*, 118 Nev. 438, 443, 49 P.3d 647, 650 (2002) ("Generally, both procedural and substantive unconscionability must be present in order for a court to exercise its discretion to refuse to enforce a contract or clause as unconscionable."). Procedural unconscionability exists "when a party has no 'meaningful opportunity to agree to the clause terms . . . because the clause and its effects are not readily ascertainable upon a review of the contract.'" *Gonski v. Second Judicial Dist. Court*, 126 Nev. 551, 558, 245 P.3d 1164, 1169 (2010) (quoting *D.R. Horton, Inc. v.*

SUPREME COURT
OF
NEVADA

(O) 1947A

5

*Green*, 120 Nev. 549, 554, 96 P.3d 1159, 1162 (2004)), *overruled on other grounds by U.S. Home Corp. v. Michael Ballesteros Tr.*, 134 Nev., Adv. Op 25, 415 P.3d 32, 41-42 (2018).

Here, the procedural unconscionably rules relied on by the district court and respondents to invalidate the arbitration agreement are identical to those this court recently addressed in *U.S. Home*. In particular, the district court concluded below that the arbitration agreements are procedurally unconscionable because "[t]here is nothing to draw attention for the average home buyer of the important rights being waived." In *U.S. Home*, this court held that an arbitration provision need not be more conspicuous than the other terms of a contract because the FAA sought to preempt that type of law, which "imposes stricter requirements on arbitration agreements than other contracts generally." *U.S. Home*, 134 Nev., Adv. Op. 25, 415 P.3d at 41. The district court's basis for finding procedural unconscionability is preempted by the FAA and was therefore erroneous, and because both procedural and substantive unconscionability must be present to render an arbitration clause unenforceable, *see Burch*, 118 Nev. at 443, 49 P.3d at 650, the arbitration agreement in this case may be enforced.

In sum, we conclude that the FAA applies to the arbitration agreements between the parties and the agreements are not procedurally unconscionable so as to render them unenforceable against respondents. Thus, the district court erred when it denied appellants' motion to compel arbitration. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:   Hon. Timothy C. Williams, District Judge
     Eleissa C. Lavelle, Settlement Judge
     Payne & Fears LLP
     Shinnick, Ryan & Ransavage P.C.
     Eighth District Court Clerk

