# IN THE SUPREME COURT OF THE STATE OF NEVADA

FQ MEN'S CLUB, INC., (D/B/A RENO MEN'S CLUB, THE MEN'S CLUB, AND MEN'S CLUB OF RENO), A NEVADA CORPORATION; FRENCH QUARTER, INC., (D/B/A RENO MEN'S CLUB, THE MEN'S CLUB, AND MEN'S CLUB OF RENO), A NEVADA CORPORATION; THE FRENCH QUARTER, INC., A NEVADA CORPORATION; FRENCH QUARTER RESTAURANT, INC., A NEVADA CORPORATION; AND EUGENE CANEPA, AN INDIVIDUAL, Appellants,

vs.

JANE DOE DANCERS I, II AND III, INDIVIDUALLY AND ON BEHALF OF CLASS OF SIMILARLY SITUATED INDIVIDUALS, Respondents.

No. 74037

FILED

DEC 2 1 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER TO VACATE AND REMAND*

This is an appeal from a district court order denying a motion to compel arbitration in a labor dispute. Second Judicial District Court, Washoe County; David A. Hardy, Judge.

### *FACTS AND PROCEDURAL HISTORY*

Three exotic dancers, Jane Doe Dancers I-III (the Dancers), filed a proposed class action lawsuit against FQ Men's Club, Inc. (the Men's Club), alleging that they were employees, not independent contractors, and therefore entitled to the rights and protections afforded employees. The Men's Club then filed a motion requesting that the district court compel arbitration per the parties' contractual agreement. This appeal centers upon the enforceability of that arbitration provision, not upon the merits of the underlying proposed class action.

18-910035

The Dancers were all existing performers for the Men's Club when its policies changed on December 31, 2015, to conform to new legislation and caselaw. Per the new policies, Dancers were required to sign a Memo, in which they chose their status as employees or independent contractors. The front door hostesses were instructed to present the Memo to the Dancers when they came in for their shifts, and to tell the dancers, "that if they want to stay the same as they have been for the last 20 years choose [independent contractor]." The Dancers who chose to be independent contractors were then asked to sign a Guest Cabaret Performer Licensing Agreement (GCPLA). The Dancers were not given an explanation of the GCPLA and were required to sign the documents before they could work. The Dancers also were not allowed to take a copy of the agreement home. The GCPLA was similar to the Dancers' original performance contract; however, it now contained a multi-page arbitration agreement and class action waiver.

The district court held an evidentiary hearing wherein Dancers maintained that they did not remember signing the GCPLA. The Men's Club employees testified to the circumstances under which the agreements were presented to the Dancers and signed. Based on the testimony and evidence presented, the district court held that the contracts were validly signed by the Dancers, but that the arbitration provision in question was unconscionable. The district court denied the motion to compel arbitration and granted a stay on the proceedings pending this appeal. The Men's Club now appeals the district court's order denying its motion to compel arbitration and argues that the district court erred because it did not make specific and separate factual findings to support its conclusion that the arbitration clause is procedurally and substantively unconscionable. For the reasons set forth below, we agree.

*DISCUSSION*

The Men's Club first argues that the district court's conclusion that the arbitration agreement is unconscionable was legal error. Specifically, the Men's Club argues that the district court's application of the law was hostile to enforcing the arbitration clause, despite legal authority indicating that arbitration clauses are presumptively good and meant to be enforced. Additionally, the Men's Club contends that the Dancers failed to carry their burden to show that the arbitration clause in the contract was both procedurally and substantively unconscionable. The Men's Club makes a number of arguments supporting this proposition, including that the district court's essential findings of fact are not supported by substantial evidence. Finally, the Men's Club argues that an appeal from an order denying a motion to compel arbitration divests the district court of jurisdiction and, therefore, the Men's Club should not have had to file a motion to stay the underlying proceeding pending the outcome of this appeal.[1] In response, the Dancers contest the Men's Club's arguments and, alternatively, argue that the order should be upheld on additional grounds.

"Contractual unconscionability [generally] involves mixed questions of law and fact." *D.R. Horton, Inc. v. Green,* 120 Nev. 549, 553, 96 P.3d 1159, 1162 (2004), *overruled on other grounds by U.S. Home Corp. v. Michael Ballesteros Tr.,* 134 Nev., Adv. Op. 25, 415 P.3d 32, 41 (2018). "Whether, given the trial court's factual findings, a contractual provision is unconscionable is a question of law subject to de novo review." *Id.* A party

---

[1]The Men's Club argues that an appeal from an order denying a motion to compel arbitration should automatically remove the matter from the district court's jurisdiction and that an appellant should not then have to seek a stay of the underlying proceeding. However, the Men's Club provides no legal authority supporting this departure from current procedure, beyond a general argument that current procedure is inconvenient. Accordingly, we conclude this argument is without merit.




seeking to avoid enforcement of a valid contract has the burden of proving unconscionability. *See Burch v. Second Judicial Dist. Court*, 118 Nev. 438, 442-44, 49 P.3d 647, 650 (2002). The parties do not argue the validity of the overall contract before this court. Rather, the parties merely focus on the enforceability of the contract's arbitration agreement.

"The Federal Arbitration Act (FAA) declares written arbitration agreements 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Ballesteros*, 134 Nev., Adv. Op. 25, 415 P.3d at 34 (quoting 9 U.S.C. § 2).[2] In other words, the FAA preempts state laws that effectively single out arbitration provisions and mandates that "a state must place arbitration provisions on the same footing as other contractual provisions." *Id.* at 40. Additionally, the FAA preempts states from "requir[ing] a procedure that interferes with fundamental attributes of arbitration even if it is desirable for unrelated reasons." *Tallman v. Eighth Judicial Dist. Court*, 131 Nev. 713, 724, 359 P.3d 113, 121 (2015) (internal quotation marks and citation omitted). Because the FAA applies, the district court can apply a generally applicable contract defense to invalidate the arbitration, but it must not apply that defense "in a fashion that disfavors arbitration." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 341 (2011).

"Nevada law requires both procedural and substantive unconscionability to invalidate a contract as unconscionable." *Ballesteros*, 134 Nev., Adv. Op. 25, 415 P.3d at 40 (emphasis added). This court recently held that our previous caselaw regarding the unconscionability of arbitration agreements that "disfavor[s] arbitration in cases controlled by the FAA . . . are overruled because they do not establish rules that exist at

---

[2]We note that both parties acknowledge the FAA applies here. We continue our analysis accordingly.

law or in equity for the revocation of *any* contract." *Id.* at 42. "Rather, the procedural unconscionability rules established in those cases either apply only to arbitration agreements or, in practice, have a disproportionate effect on arbitration agreements." *Id.*

However, the district court did not make specific and separate findings as to the procedural and substantive unconscionability of the contract under the *Ballesteros* analysis. Instead, it made findings supporting the procedural unconscionability of the arbitration clause. The district court must determine under our recent holding in *Ballesteros* whether the contract was procedurally and substantively unconscionable.

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for proceedings consistent with this order. [3]

_____Pickering_____, J.
Pickering

_____Gibbons_____, J.
Gibbons

_____Hardesty_____, J.
Hardesty

---

[3]We have considered the parties' other arguments and conclude they are without merit or are premature for the scope of this appeal.

cc: Hon. David A. Hardy, District Judge
Robert L. Eisenberg, Settlement Judge
Law Offices of Mark Wray
Rusby Clark, PLLC
Morris Anderson
Wetherall Group, LTD.
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A