# IN THE SUPREME COURT OF THE STATE OF NEVADA

CVSM, LLC, AN ACTIVE LIMITED
LIABILITY COMPANY, D/B/A CLUB
PARADISE,
Appellant,
vs.
JANE DOE DANCER V; AND JANE
DOE DANCER VI, INDIVIDUALLY,
AND ON BEHALF OF A CLASS OF
SIMILARLY SITUATED INDIVIDUALS,
Respondents.

No. 72627

FILED

FEB 2 5 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order denying a motion to compel arbitration. Eighth Judicial District Court, Clark County; Adriana Escobar, Judge.

Doe Dancer V and Doe Dancer VI (Doe Dancers) are exotic dancers who signed an agreement with CVSM, LLC (CVSM) to perform at its club. This agreement was three pages long and contained an indemnification clause and an arbitration clause. The indemnification clause and arbitration clause were located toward the end of the contract and were typed in uppercase lettering.

After signing this agreement, Doe Dancers joined an existing lawsuit against CVSM, in which other anonymous exotic dancers were suing for failure to pay them minimum wage. CVSM moved the district court to compel arbitration as to Doe Dancers because there was an arbitration clause in their contract. The district court granted Doe Dancers' joinder, certified a class, and denied CVSM's motion to compel arbitration because the arbitration clause was unconscionable. We reverse the district court's order as to these issues because the arbitration clause is not

19-08432

unconscionable, and therefore the district court erred in denying appellants' motion to compel arbitration.[1]

*The arbitration agreement is not procedurally unconscionable.*

As a general matter, both Nevada law and federal law favor enforcing arbitration agreements. *Tallman v. Eighth Judicial Dist. Court*, 131 Nev. 713, 720, 359 P.3d 113, 118 (2015). As found by the district court, the Federal Arbitration Act (FAA) applies to this arbitration clause because the underlying agreement involves interstate commerce and because section 13 of the agreement references the FAA.[2] *See U.S. Home Corp. v. Michael Ballesteros Tr.*, 134 Nev., Adv. Op. 25, 415 P.3d 32, 38 (2018) ("By its terms, the FAA applies to contracts evidencing a transaction involving interstate commerce." (internal quotation omitted)). Under the FAA, arbitration agreements are treated as "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (2012).

A court, sitting in equity, may invalidate an arbitration clause, or any other contract or contract provision, if it is unconscionable. *Burch v. Second Judicial Dist. Court*, 118 Nev. 438, 442-43, 49 P.3d 647, 650 (2002). For any contract provision to be found unconscionable there must be both procedural unconscionability and substantive unconscionability. *U.S. Home Corp.*, 134 Nev., Adv. Op. 25, 415 P.3d at 40. We review the district

---

[1]The parties are familiar with the facts of the case and we recite them here only as necessary.

[2]On appeal, neither party raises the issue of whether the FAA applies and, as such, we affirm the district court as to this issue. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (holding that this court need not consider claims that are not cogently argued or supported by relevant authority.)

court's finding that a contract provision is unconscionable de novo. *D.R. Horton, Inc. v. Green*, 120 Nev. 549, 553, 96 P.3d 1159, 1162 (2004), *overruled on other grounds by U.S. Home Corp. v. Michael Ballesteros Tr.*, 134 Nev., Adv. Op. 25, 415 P.3d 32 (2018). Here, the district court found that the arbitration clause was both procedurally and substantively unconscionable. We disagree.

The district court held that the arbitration clause was procedurally unconscionable because: (1) CVSM did not explain to Doe Dancers that they were waiving important rights by signing the arbitration clause; (2) the arbitration clause was in uppercase lettering, making it difficult to read; and (3) Doe Dancers were given too many papers to read and sign in one day.

As an initial matter, the district court's conclusion that the arbitration clause was unconscionable because CVSM did not inform Doe Dancers that they were waiving important rights is preempted by the FAA. While the district court may apply equitable relief from arbitration clauses, it must not do so in a manner that is unfairly suspect toward arbitration agreements. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 341 (2011); *U.S. Home Corp.*, 134 Nev., Adv. Op. 25, 415 P.3d at 40. It is not the duty of a party to explain the legal effects of every provision of a contract. *See Ramos v. Westlake Servs. LLC*, 195 Cal. Rptr. 3d 34, 43 (2015) ("No law requires that parties dealing at arm's length have a duty to explain to each other the terms of a written contract." (internal quotation marks omitted)); *see also* 1 Williston on Contracts § 4:19 (4th ed.) (explaining that a party who does not read a contract before signing it can still be bound by its terms). In holding that a party must do so for the arbitration clause, the

district court treated the arbitration clause differently than the other contract provisions in violation of the FAA.

Regarding the district court's other conclusions concerning procedural unconscionability, a contract term is procedurally unconscionable if a party does not have the opportunity to agree to the contract term either because (1) the contract is an adhesion contract, or because (2) the terms "are not readily ascertainable upon a review of the contract." *D.R. Horton*, 120 Nev. at 554, 96 P.3d at 1162. While Doe Dancers argue that the contract is unconscionable because it is a contract of adhesion, this court has declined to apply the unconscionable adhesion contract doctrine to employment contract cases because employment contracts can generally be negotiated. *See Kindred v. Second Judicial Dist. Court*, 116 Nev. 405, 411, 996 P.2d 903, 907 (2000) (explaining that this court has not applied the unconscionable adhesion contract doctrine to employment contracts). This contract, like an employment contract, allowed for negotiation, and therefore it is not unconscionable as an adhesion contract.

We now turn to whether the terms of the arbitration provision were not readily ascertainable. A provision's terms are not readily ascertainable if it is presented or negotiated in a way that conceals the terms' meaning. *See D.R. Horton*, 120 Nev. at 554, 96 P.3d at 1162. For example, if the contract terms are inconspicuous—that is, if the arbitration agreement is in fine print, or "buried in an endnote or exhibit"—then the agreement may be procedurally unconscionable. *U.S. Home Corp*, 134 Nev., Adv. Op. 25, 415 P.3d at 41. However, while the terms cannot be inconspicuous, the parties have no duty to make the arbitration provision *more* conspicuous than other parts of the contract. *Id.* ("Requiring an

arbitration clause to be more conspicuous than other contract provisions . . . is exactly the type of law the Supreme Court has held the FAA preempts because it imposes stricter requirements on arbitration agreements than other contracts generally." (internal citations omitted)).

Here, there was no presentation or negotiation that concealed the arbitration provision's meaning. Doe Dancers were asked to read and either initial or sign twenty-three and fourteen pages of documents, respectively. This is not an unreasonable amount of pages to review prior to starting employment. Nothing in the record indicates, nor does either party argue, that Doe Dancers were rushed or did not have time to read over these documents. Doe Dancers signed or initialed all of the pages of the documents indicating that they had read and understood them.

Further, the district court found that the uppercase lettering made the arbitration clause inconspicuous. However, this is a misapplication of the law. Our decision in *U.S. Home Corporation* specifically contemplated hiding the arbitration clause in an endnote or in fine print. The uppercase lettering, while it may be difficult to read, is not inconspicuous. It is unlikely that approximately one page of uppercase text would not catch the reader's eye, even if it was harder to read once the reader saw it. Thus, the uppercase lettering does not make the arbitration clause procedurally unconscionable.

Accordingly, we find that the arbitration clause is not procedurally unconscionable. Because Nevada law requires both procedural and substantive unconscionability to invalidate a contract or a contract provision under the unconscionability doctrine, the district court erred by invalidating this arbitration provision. As such, we reverse the district court's order denying appellants' motion to compel arbitration and

remand this matter to the district court for further proceedings consistent with this order.

It is so ORDERED.[3]

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Adriana Escobar, District Judge
       Cohen Johnson Parker Edwards
       Rusing Lopez & Lizardi, PLLC
       Bighorn Law
       Eighth District Court Clerk

_____

[3]We have considered the parties' remaining arguments and conclude they are without merit.